## Brown v. Adams.

1. If A. promise to B, that if he will become the security of C. in a sheriff's bond, he will indemnify him for all loss$ s he may sustain thereby, the obligation is binding, and the consideration sufficient.

2. But such promise must be in writing, else it is void by the statute of frauds and perjuries

3. It need not be averred in the declaration, that it is in writing; it is sufficient if the writing be produced in evidence at the trial

4. The distinction as to when such promise must be averred i the declaration to be in writing, and when not, is, that if the liah ili y be one at common law, it need not be averred, but if the liab.lity be created by statute, and r quired to be in writing, it must be so averred

5. Under the statute of frauds, though the promise be in writing, yet it must be on good consideration.

JOHN BROWN, jr, impleaded John Adams, in the Circuit Court of Jefferson county, in an action of assumpsit, and declared against him in five counts. The first count charged, that on the 7th July, 1823, in consideration that the plaintiff would, at defendant's special instance, enter into a bond as a security for John M'W horter, sheriff of said county, that he the defendant, would see to the management of the sheriffalty, and save the plaintiff harmless from all liability he might incur by reason thereof; that he did so enter into bond, and on said account was compelled to pay a large sum of money, to wit, $300; and that defendant had not saved him harmless, &c., but had failed so to do. The second count was substantially the same, alleging that the plaintiff had entered into said bond. &c., confiding in the honesty of defendant; and that in consideration thereof, defendant did undertake to see to the management of the sheriffalty, and save him harmless, &c. The three other counts were common money counts.

The defendant demurred to the first and second counts, and plead the general issue to the remaining counts. At March term, 1826, the demurrer was sustained, and judgement rendered for the defendant.

BUGBEE, for the plaintiff, who was plaintiff below, assigned for error the judgement on the demurrer, and that the Court had rendered a judgement final on the sustaining of the demurrer.

PECK, for defendant in error.

The promise as set out in the declaration, was without

JANUARY 1826.

Brown
v.
Adams.

consideration, a mere *nudum pactum*, and *void;* the rule both of the civil and common law; with respect to the consideration necessary to support a contract, is the same. "In all contracts either expressed or implied, there must be something given in exchange something that is mutual or reciprocal." Here, nothing was given to Adams in exchange for his promise; he could not in any possible event receive any advantage from Brown's signing the bond as security for M'Whorter.

But if the promise had been reduced to writing, the liability would not have been changed; it would still have been void for want of a consideration. " The doctrine is now settled, that a parol promise, though reduced to writing, is not valid unless it is founded on good consideration; and even since the statute of frauds, the rule is not altered. [b]

The promise was void by the *statute of frauds*, for want of a memorandum, signed by the party to be charged. The promise was in the very language of the statute, to be answerable for the *default* of M'Whorter, over whom he had no control, and from whose acts he was to receive no possible advantage. The promise is clearly a *collateral* one [c] It was to Brown, for the benefit of M'Whorter; it was important for M'Whorter to give security, else he could not enter on the duties of his office. If therefore, the promise made by Adams to Brown, induced Brown to become M'Whorter's security, then most certainly the promise made by Adams to Brown was directly for the benefit of M'Whorter; and no one can contend, that M'Whorter was not directly bound and responsible to Brown, his security, for all injuries he might sustain on account of his securityship.

It was held by Lord Kenyon, [d] that a promise by the endorser of an unpaid note, to indemnify the holder, if he would proceed to enforce payment against the other parties to the note, *must be* in writing, or it would be void under the statute of frauds; and indeed I have searched in vain to find a single decision, in which it has been held a good promise if made by A. to B. to *indemnify* him against injury from the *default* or *miscarriage* of C. Such a precedent would open a rich field for the cultivation of the most obnoxious frauds and perjuries, and often, loose and unguarded expressions, such as "there can be no danger in going his security," and "I will warrant you will

*a* 2 Comyn on Contracts 10. 2 H Ing & Munford's Rep. 124 a 130. 13 John. Rep. 87.

*b* Roberts on Frauds 207.

*c* Roberts on Frauds 207, 21 .

*d* 2 Esp. 484. Roberts on Frauds 231 1 Comyn on Contracts 63, 64.

not be injured," would be worked, if possible, into the JANUARY 1827.
most solemn promises.  Independently of the statute of
frauds, it is contrary to sound policy to enforce this pro- Brown<br>v.<br>Adams,
mise ; the tendency to produce litigation and perjury is
too great.

It was said in argument in the Court below, that the
demurrer should have been overruled, because the pro-
mise might have been in writing, and be produced in evi-
dence on the trial.   A declaration is a specification in a
legal form of the cause of action;- every material fact ne-
cessary to be proved on the trial, must be distinctly set
forth, and alleged; therefore, if the promise as set forth in
the declaration is void, unless reduced to writing, and
signed by the party to be charged, and the declaration
does not shew that fact, it is conclusively a good ground
of demurrer.  If the law requires the promise to have
certain requisites, and to be made in a particular way,
and the declaration does not shew it had those requisites,
we may well say, the promise as laid, is not sufficient in
law, and that we are not bound to answer it.   See the case
of Fish v. Hutchison, [a] which was an action of assumpsit [a] 1 Comyn on
on a promise to pay the debt of a third person, to which Contracts 62, 63,
the defendant demurred, and *per totam curiam* the de-
murrer was sustained, on the ground that the promise
was void by the statute of frauds, and upon that ground
only.

JUDGE CRENSHAW delivered the opinion of the
Court.

The declaration contains the common money counts,
on which issue was taken to the jury, and it does not ap-
pear that this issue was ever disposed of; but by an ar-
rangement between the counsel, the second assignment of
error was abandoned.  The inquiry at present then is,
wheth r the first and second counts are sufficient?   The
promise to indemnify the plaintiff against the acts of the
sheriff, was clearly a promise to answer for the default or
miscarriage of a third person, and by the statute of frauds
and perjuries, ought to be in writing. [b]  But the position [b] Vide Comyn on
contended for against the sufficiency of the declaration is, Contracts.
that it contains no averment that the promise was in wri-
ting.   The distinction recognized by the authorities is,
that where the contract would be good at common law
before the passage of the statute, it is not necessary to
aver in the declaration that it was in writing ; but where

JANUARY 1827.

Brown
v.
Adams.

the duty or liability is created by statute, and also requir-ed to be in writing, then it must be averred in the decla-ration that the promise was in writing. In the present case the contract, if supported by a sufficient considera-tion, was good at common law before the enactment of the statute, and though the statute requires such a con-tract to be in writing, yet by the above rule, this fact need not be averred in the declaration, but would be matter of evidence on the trial.

The next question is, that supposing the contract to have been written, is it essential to its validity that it should be supported by a sufficient consideration? The opinion of Chief Baron Skinner, in the case of Rann vs. Hughes, delivered before the House of Lords on a writ of error, and in which he had the concurrence of the twelve judges of England, is high authority for the deci-sion of this question, and whose reasons are so excellent, that I think they should be adopted without comment. The principle is there settled, that the statute of frauds never intended to make a contract valid, which was not so at common law; that though the contract be in writing, yet it is *nudum pactum* and void, unless the declaration shews that it was on a good and sufficient consideration. The same rule of construction has been adopted by the Courts of New-York and other American decisions; and in this respect our own statute bears an analogy so strong to the English statute, that I am constrained to give it the same construction. Is then the consideration set forth in the declaration sufficient to support the contract? In Comyn on Contracts, it is said that if the plaintiff be prejudiced by reason of a promise or undertaking passing from the defendant to him, this is a sufficient conside-ration to support the promise, and that it is not material whether the defendant is to be benefitted or not, if in con-sequence of his promise, the plaintiff was induced to do an act by which he has been *damnified;* the promise is valid if reduced to writing. The case at bar comes clearly within these principles. The declaration alleges that the defendant promised the plaintiff, if he would become security to the sheriff, he would answer for any damages he might sustain by reason of such securityship, and that confiding in this promise, the plaintiff did become secu-rity; by reason of which, he hath sustained damage to a certain amount. The Court are therefore of opinion that the first and second counts of the declaration are suffi-

cient, and that the judgement of the Circuit Court must be reversed. But because the action is purely in damages, the cause must be remanded for further proceedings in the Court below.