Wilde J.
delivered the opinion of the Court. We think there was no sufficient proof at the trial, of the contract as alleged in the declaration. The declaration alleges a contract on the part of the defendants, to transport the plaintiff from Albany to Boston. The proof was, that the plaintiff rode in the defendants’ stage from Worcester to Boston ; and although this is part of the route from Albany to Boston, yet it is part also of many other lines of travel, so that the contract, as alleged, remains without proof.
The proof is also defective in another respect. It is alleged that the plaintiff paid for his passage the sum of ten dollars, and this allegation also is unsupported by evidence. It has been contended that this averment in the declaration is immaterial, and may be rejected as surplusage. But it is clear, we think, that this is a material averment. The consideration is an essential part of a contract, and must be truly and fully set forth.[1] It is true that the defendants might be answerable for wilful or gross negligence on an undertaking to carry without *560 hire; but in the performance of such an undertaking tney would be bound to use only ordinary care. Whether the defendants were guilty of that degree of negligence which would be sufficient to charge them under such a contract, we cannot determine, the evidence not being reported. It is sufficient for the present, that it is not the contract declared on.
Enough, however, of the evidence is reported to have warranted the jury to presume a transportation for hire, had it been left to them to presume the fact. But as this was ruled to be immaterial, that part of the case was withdrawn from their consideration.

New trial granted.

 See Roper v. Stone, Cooke, 499; Mosby v. Leeds, 3 Call, 439; Cook v. Bradley, 7 Connect. R. 57; Brown, v. Adams, 1 Stewart, 51; Chitty on Contr. (4th Am. ed.) 21 et seq.