(78 South. 883)
POSTEN v. CLEM. (6 Div. 758.)

(Supreme Court of Alabama. April 18, 1918.)

1. FRAUDS, STATUTE OF ⬤=21—PROMISE OF INDEMNITY.
Promise of one cosurety on a note to the other to hold him harmless thereon is within the statute of frauds.

_____

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
201 ALA.—34

2. FRAUDS, STATUTE OF ⊕═139(1) — PROMISE OF INDEMNITY—EXECUTED CONTRACT.

Under Code 1907, §§ 5384, 5385, as to liability of joint sureties and rights inter sese, payment of note by one of the sureties is not an execution of any oral contract by him to hold the other surety harmless, within the rule that the statute of frauds is not available against an executed contract.

3. FRAUDS, STATUTE OF ⊕═150(3)—PLEADING —DEMURRER.

A pleading relying on an agreement affirmatively disclosing that it is within the statute of frauds, the defense of the statute may be raised by demurrer.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by E. H. Clem against B. B. Posten. Judgment for plaintiff, and defendant appeals. Transferred from the court of appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Ray & Cooner, of Jasper, for appellant. W. F. Finch, of Jasper, for appellee.

ANDERSON, C. J. [1] As we understand the question as presented by the defendant's second plea of set-off and the plaintiff's second replication thereto, the plea claims an indebtedness from the plaintiff to the defendant growing out of the fact that they were cosureties upon a note of one Thomas, principal, and payable to McAnnally, that defendant paid the note, and the plaintiff is called upon to contribute his share. The said second replication sets up a promise from the defendant to the plaintiff, his cosurety (that he told him), that if he, the plaintiff, would sign the note as cosurety, he, the defendant, would see it paid and hold the plaintiff harmless. Did the promise have to be in writing to be binding under the statute of frauds? This case presents a question not easy of solution, and involves a point upon which there has been quite a division among the authorities and as to which many of the courts which hold that the transaction does not come within the statute of frauds reach the conclusion upon different ideas and lines of reasoning.

"In England it is practically settled that, if one person, at the request of another and on his oral guaranty of indemnity against loss, assumes a responsibility for the discharge of a third person's obligation to a fourth, he may recover against the guarantor, although there is on the part of the third person a coexistent implied obligation to indemnify the promisee; and the weight of authority in this country is in accordance with the English view. In many states, however, a contrary view has been adopted, and a promise of indemnity given under such circumstances is held to be within the statute." 20 Cyc. 178.

For cases holding the promise not within the statute see note 7, p. 179, and for those holding that it is within the statute of frauds see cases cited in note 8, p. 180, and which last citation refers to the early Alabama case of Brown v. Adams, 1 Stew. 51, 18 Am. Dec. 36, and which said case has never been overruled. While our Alabama case is classed by the text-writers as with the minority line of decisions, we are disposed to follow same, and think the holding wholesome and salutary as closing the door to confusion, fraud, and perjury by not permitting cosureties on notes, bonds, and other instruments to promote contests between themselves through oral promises and agreements as to their indemnity and liability. We therefore hold that the trial court erred in not sustaining the demurrer to the plaintiff's second replication to the defendant's second plea. The third plea sets up that the defendant was surety upon the note for the plaintiff, and we do not see how the replication as to this plea presents the question of the statute of frauds, which is the only point argued in brief of counsel. The said replications seem to be more of a denial or traverse of the material averments of the plea. While the third replication does not present the question argued as an answer to either of the pleas, it merely sets up the fact, that the plaintiff did not sign the note as a cosurety with the defendant as averred in the second plea or as principal of the defendant as averred in the third plea, but as surety for the defendant, who merely agreed to and did do what he was primarily liable to do.

From reading the fifth headnote to the case of Godden v. Pierson, 42 Ala. 370, it would perhaps indicate a conflict with the case of Brown v. Adams, supra, by the use of the letter p. A careful consideration of the opinion, however, will disclose that the promise relied upon to Evans was made by Brazelton, "the defendant in attachment," and who was the principal upon the note, and was not made by Pierson, who was not the defendant in the case, but was the garnishee. Of course, the promise from Brazelton, the principal upon the note, to pay the same and thus hold his surety, Evans, harmless, was but a promise to discharge an original legal duty placed upon him by the law. It was his legal duty to do this independent of the promise made Evans, his surety.

[2] We are, of course, aware of the rule that the statute of frauds applies only to executory, and not executed, contracts; that the statute of frauds does not prevent the voluntary execution of a contract within its provisions, by the parties, nor annul it when executed. Godden v. Pierson, 42 Ala. 370; Sawyer v. Ware, 36 Ala. 675; Lavender v. Hall, 60 Ala. 214; Gafford v. Stearns, 51 Ala. 434; Gordon v. Tweedy, 71 Ala. 202. While the defendant's pleas aver a payment of the note to the payee, McAnnally, and show that the contract had been executed as between the defendant and said payee, it did not become executed as between the defendant and his

cosurety, the plaintiff. Sections 5384, 5385, of Code of 1907.

[3] While the general rule is that the statute of frauds to be available should be especially pleaded, yet it seems that in law as well as equity, if the bill, complaint, or pleading affirmatively disclose an agreement within the statute of frauds, the question is available by a demurrer. 7 Mayf. Digest, p. 375, and cases there cited.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.