:81 So.2d 273

**A. C. WILDER, Sr.,**

v.

**D. C. CLARK.**

**4 Div. 822.**

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

Baldwin & Baldwin, Andalusia, for appellee.

Prestwood & Prestwood and Ralph A. Clark, Andalusia, for appellant.

STAKELY, Justice.

One M. V. Stokes had a mortgage on the plant and property of Covington Consolidated Packing Company, a corporation, which is located in Covington County, Alabama. The mortgage was being foreclosed and a suit was filed by the company in order to enjoin the foreclosure. In connection with the suit a hearing was had before the court to fix the amount of the injunction bond, with the result that a bond in the amount of $10,000 was executed in favor of M. V. Stokes by Covington Consolidated Packing Company, a corporation, and T. C. Smith, one of its officers, as principals together with D. C. Clark, G. D. Wilder and A. C. Wilder, Sr., as cosureties. Subsequently judgment was recovered on the injunction bond against the cosureties in the amount of $9,137.35. A. C. Wilder, Sr., and D. C. Clark each paid one-half of that amount. D. C. Clark thereupon filed

the present suit against A. C. Wilder, Sr., claiming damages for the breach of an alleged oral agreement whereby A. C. Wilder, Sr., allegedly promised to indemnify and save D. C. Clark harmless against all loss or damage which he might sustain by reason of D. C. Clark becoming cosurety on the aforesaid injunction bond. There was a verdict and judgment in favor of D. C. Clark against A. C. Wilder, Sr., in the amount of $5,037.79. It is from this judgment that the present appeal was taken.

The appellant A. C. Wilder, Sr., presents one question for decision in this case. He takes the position that the complaint shows on its face that the agreement which he is alleged to have made was an oral agreement and being an oral agreement is invalid by reason of the violation of the statute of frauds. § 3(3), Title 20, Code of 1940. There was a demurrer to the complaint on the ground that the complaint showed on its face that the alleged agreement was not in writing.

In Posten v. Clem, 201 Ala. 529, 78 So. 883, 884, 1 A.L.R. 381, Chief Justice Anderson in speaking for the court following what he terms the minority line of decisions, in following an earlier case of Brown v. Adams, 1 Stew. 51, 18 Am.Dec. 36, said: "While our Alabama case is classed by the text-writers as with the minority line of decisions, we are disposed to follow same, and think the holding wholesome and salutary as closing the door to confusion, fraud, and perjury by not permitting cosureties on notes, bonds, and other instruments to promote contests between themselves through oral promises and agreements as to their indemnity and liability."

■ Briefly stated Posten v. Clem, supra, holds that the promise of one cosurety on a note or obligation to hold another cosurety harmless thereon is within the statute of frauds. The foregoing decision was decided in 1918 and has never been departed from and we are not disposed to hold differently at this late date.

It is argued by the appellee that the ground of demurrer to which we have referred is not sufficiently specific and therefore is in violation of § 236, Title 7, Code of 1940. With this we do not agree. The complaint shows on its face that the alleged agreement was an oral contract and the ground of the demurrer is that the complaint shows on its face that the alleged agreement was not in writing. This clearly raises the proposition that the contract sued on is in violation of the statute of frauds.

■ In Bunch v. Garner, 208 Ala. 271, 94 So. 114, this court said: "Where it clearly appears on the face of the count of the complaint that the contract or agreement alleged to have been breached is obnoxious to the statute of frauds, it is subject to demurrer; and can be raised by demurrer either at law or in equity." See also W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526; Posten v. Clem, supra.

In approving the foregoing statement of principle we take cognizance of McDonald v. McDonald, 215 Ala. 179, 110 So. 291. This case cites as support for its holding Evans v. Southern Ry. Co., 133 Ala. 482, 32 So. 138, but this last case cites as support for its statement Strouse v. Elting, 110 Ala. 132, 20 So. 123, 125. In Strouse v. Elting this court said: "The general rule is that the statute of frauds must be pleaded, and, unless it affirmatively appears in the complaint or bill that the agreement declared upon was obnoxious to the statute of frauds, a demurrer will not lie."

It results that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.