[Hairston, Extr. *et al.* v. Sumner.]

# Hairston, Extr. *et al.* v. Sumner.

*Bill in Equity for Partition of Land.*

|106  381|
|115  550|

1. *Statute of limitation of three years construed.*—The statute of limitations of three years applies only to actions brought "to recover money due by open or unliquidated account"

2. *Rents collected by co-tenant not barred by three years limitation.*—When one tenant in common enters into the possession of lands and collects the rents, he holds in his hands "money had and received by him to the use of his co-tenant," or holds the rents collected by him, to which his co-tenant is entitled, in the nature of an implied trust for his benefit; and when the amount of money thus received has been ascertained, his co-tenant's claim is neither open nor unliquidated, and the recovery of the amount of rent collected is not barred by the statute of limitations of three years.

APPEAL from the Chancery Court of Greene county. Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by the appellee, Ada H. Sumner, against the appellant, Mairie W. Hairston, executrix, and others, on July 31, 1893, and prayed for a partition of certain lands, and for an accounting of rents. The bill was demurred to on the ground, among others, that the claims of the complainant were barred by the statute of limitations of three years. The chancellor overruled this demurrer interposed by the respondents. From this decree the present appeal is prosecuted, and the same is assigned as error.

SEAY & DEGRAFFENREID, for appellant.—When one co-tenant receives more than his share of the rents, he is at once and without a demand liable therefor, and the statute commences to run as soon as the liability is complete.—*Turleton v. Goldthwaite,* 23 Ala. 347; Freeman on Co-tenancy & Partition, § 375.

WHITE & HOWZE and McQUEEN & HARWOOD, *contra.* 1. There is certainly no error in the decree of the court below. That the court of chancery has original jurisdiction of the partition of lands can not be successfully disputed.—*Arnett v. Bailey,* 60 Ala. 435; *Horton v.*

*Sledge*, 29 Ala. 478 ; *McMath v. DeBardeleben*, 75 Ala. 68 ; *Deloney v. Walker*, 9 Port. 497 ; *Wilkirson v. Stuart*, 74 Ala. 198. Such jurisdiction carries with it the power and duty on the part of the court to settle the whole controversy by taking an account of the rents received by the tenants in possession.—*Pope v. Harkins*, 16 Ala. 321 ; *Tindal v. Drake*, 51 Ala. 574 ; *Goodenow v. Ewer*, 16 Cal. 464.

2. A tenant in common who actually receives the rents of the common property or a part of them can be made to account to his co-tenant for his portion of such receipts.—*Kirkland v. Trott*, 75 Ala. 321 ; *Terrell v. Cunningham*, 70 Ala. 100 ; *Gayle v. Johnston*, 80 Ala. 395.

3. The statute of limitations of six and not of three years applies to the claim for rents or money thus received.—*Tarleton v. Goldthwaite*, 23 Ala. 346 ; *Martin v. Bank*, 31 Ala. 115 ; *Boynton v. Sawyer*, 35 Ala. 498.

4. The court of chancery, having jurisdiction to partition the unsold lands and to take an account of the rents of the same, will dispose of the whole litigation and not remit the complainant to another action, though as to some features of the case there may be a remedy at law.—*Price v. Carney*, 75 Ala. 546 ; *Stow v. Bozeman*, 29 Ala. 398 ; *Stewart v. Stewart*, 31 Ala. 208 ; 1 Story's Eq., § 64.

COLEMAN, J.—The bill was filed by Ada H. Sumner, appellee, the object of which was to effect a partition of certain lands owned by her and her brother, R. P. Hairston, as tenants in common. It avers that R. P. Hairston has been in the possession of said lands since the year 1884, and that he has collected a large sum of money as rents and used the same for his own purposes. The bill prays for an accounting for the rents. The appellants, who have succeeded as executrix, devisee and heir to the interest of R. P. Hairston, demurred to the bill assigning several grounds therefor.

The only question raised by the demurrer, which is insisted upon, is, whether the statute of limitations of three years is a bar to the claim for rents which accrued and were past due more than three years before the filing of the bill. The statute applies only to actions brought "to recover money due by open or unliquidated account." There is no element of "an open or unliqui-

dated account" in the indebtedness of one tenant·in common to his co-tenant for rents collected. It is more in the nature of an action for money had and received by one person to the use of another, or that of an implied trust, rather than an express trust. When the amount of money thus received has been ascertained, the plaintiff's claim is neither open nor unliquidated. In such cases, there is nothing left open for future adjustment or agreement, and a *quantum meruit* valuation cannot arise. There may be offsets or equitable charges which a chancery court should allow in reduction of the amounts received, but matters defensive, cannot affect the character of complainant's claim.

We express no opinion as to some of the propositions of law, declared in the opinion of the chancellor, as they are not before us. The statute of limitations of six years was not raised by the demurrer.—*Tarleton v. Goldthwaite*, 23 Ala. 347.

The demurrer to the bill was properly overruled. Affirmed.