[Dorgan & Young Hdw. Co. v. Stephens, et al.]

# Dorgan & Young Hdw. Co. *v.* Stephens, *et al.*

*New Trial.*

(Decided June 1, 1909.   49 South. 871.)

*New Trial; Ground.*—Where the disqualification of the juror was known to counsel for the unsuccessful party at the time trial was entered on, and he interposed no objection, his clients are not entitled to a new trial upon such ground.

APPEAL from Mobile Circuit Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action between the Dorgan & Young Hardware Company and S. T. Stephens and another. From a judgment granting a new trial, the former appeals. Reversed and rendered.

INGE & McCORVEY, for appellant.—The fact that the juror was disqualified was known to counsel and no objection was interposed at the time. It cannot, therefore, be made by the basis for a new trial.—*Daniels v. The State*, 88 Ala. 220; 24 Cyc. 216; 17 A. & E. Ency of Law, 1163; *Wassum v. Feeney*, 23 Am. Rep. 258; 52 Atl. 214; 26 Mich. 426; 39 L. R. A. 302; *Sowell v. Bank of Brewton*, 119 Ala. 92.

F. K. HALL, JR., for appellee.   No brief came to the Reporter.

DOWDELL, C. J.—This appeal is taken from the judgment of the circuit court on a motion for a new trial. The only ground of the motion was the disqualification of one of the jurors who tried the case.

The affidavit of the defendant in support of his motion did not negative knowledge or notice of the alleged

[Dorgan & Young Hdw. Co. v. Stephens, et al.]

disqualification of the juror by the defendant's counsel before and at the time of entering upon the trial. On the hearing of the motion it was shown by the juror, who was sworn and examined, that whatever disqualification existed, if any, and this we need not decide, was known to the defendant's counsel at the time of entering upon the trial and no objection was made. This was not disputed. Notice to the defendant's counsel of the alleged disqualification was equivalent in law to notice to the defendant himself.—In *Sowell v. Bank of Brewton*, 119 Ala. 92, 24 South. 585, it was said by this court, speaking through Brickell, C. J.: "The verdict of a jury will not be set aside, and a new trial granted, unless it be shown affirmatively that the disqualification was unknown to the party moving for the new trial *and his counsel* (italics ours) when the juror was accepted —citing *Rollins v. Ames*, 2 N. H. 349, 9 Am. Dec. 79, and note; *Cannon v. Bullock*, 26 Ga. 431; Hilliard on New Trials, 181; 2 Graham and Waterman on new Trials, 474.

The court erred in setting aside the verdict and judgment and granting the new trial. The judgment of the court in granting the motion is reversed, and a judgment will be here rendered overruling the motion for a new trial.

Reversed and rendered.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.