147 So. 817

MUTUAL BUILDING & LOAN ASS'N v. WATSON.

I Div. 764.

Supreme Court of Alabama.

April 27, 1933.

Harry T. Smith & Caffey, of Mobile, for appellee.

Outlaw & Seale, of Mobile, for appellant.

GARDNER, Justice.

The suit is on the common count for money had and received.

Plaintiff paid to defendant's agent $500, and received a certificate of membership in the corporation with a right to complete the purchase of two hundred shares of its stock. He did not read the certificate, and insists he was led to understand he was purchasing ten shares of the stock, and other alleged fraudulent representations closely akin to those found in Bynum v. So. Bldg. & Loan Ass'n, 223 Ala. 392, 137 So. 21, Southern Bldg. & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21, and Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367, details of which are here unimportant. His evidence discloses a prompt repudiation, upon discovery of the alleged fraud, an offer to return what had been received, and a demand for the money paid.

This suit was not instituted, however, until some time thereafter, and defendant filed pleas setting up the statute of limitations of one and three years. An action for money had and received is one in assumpsit based upon a promise to repay implied by law, and has been treated, so far as the matter of limitations is concerned as a stated or liquidated account, and controlled by the statute of limitations of six years. Section 8944, subd. 5, Code 1923; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; American Bonding Co. v. Fourth National Bank, 205 Ala. 652, 88 So. 838; Hairston v. Sumner, 106 Ala. 381, 17 So. 709; Bradford v. Barclay, 39 Ala. 33; Boynton v. Sawyer, 35 Ala. 497; Martin v. Branch Bank, 31 Ala. 115; Lipman v. Phœnix Assur. Co. (C. C. A.) 258 F. 544; 37 Corpus Juris, 764, 765.

In Bankers' Mortgage Bond Co. v. Rosenthal (Ala. Sup.) 145 So. 456,[1] the court, in discussing the special statute of limitations under article 5, chapter 274, Code 1923 (section 7014), made reference indicating a three-year limitations to actions for money had and received, which is properly to be interpreted as a mere inadvertent dictum. The case of Southern Bldg. & Loan Ass'n v. Waldrop, 24 Ala. App. 362, 135 So 418, cited by appellant, was a tort action, and therefore not in point. Nor do we construe the case of Smith & Sons v. Gay, 21 Ala. App. 130, 106 So. 214, as holding to a contrary conclusion.

Demurrer to these pleas was properly sustained.

Pleas 2 and 3 were amended as to matter concerning which there was no controversy, and which was to all practical purposes of this case entirely unimportant. As amended, the demurrer to them was overruled. As to original pleas 2 and 3 defendant has received the benefit thereof in their amended form, and there is therefore no occasion to review the ruling thereon.

Any other comment aside, the refusal of charge 1, requested by defendant, may well be rested upon the inclusion therein of the word "contentions" instead of "intentions." The latter was the word used in the charge considered in Montgomery-Moore Mfg. Co. v. Leith, 162 Ala. 246 (see charge 1, page 250), 50 So. 210, 212, and on second appeal (Montgomery-Moore Mfg. Co. v. Leeth, 2 Ala. App. 324, 56 So. 770, 775), the opinion discloses the Court of Appeals considered as "exactly the same charge passed on by the Supreme Court * * * on the former appeal," and it is evident that this observation was a mere inadvertence and oversight, or else a clerical error was made in the report of the case.

The question considered by appellant's counsel as of major importance relates to the denial of the motion for a new trial rested upon two grounds, the first of which concerns newly discovered evidence. The receipt plaintiff claims to have received acknowledging payment of $500 for ten shares of stock was

---

[1] Ante, p. 135.

offered in evidence by plaintiff during his cross-examination of defendant's witness Vaughn, the salesman charged with having issued it, and who denied that he issued any receipt for ten shares, but for membership fee only. Defendant insists this receipt had been altered in material respects, particularly as to the matter above mentioned.

■ While it may appear that from evidence on a former trial defendant may have been led to conclude the receipt was lost and was to that extent surprised at its production on this trial, yet the receipt was in evidence and attention of defendant drawn thereto during the trial's progress in ample time to address any motion or request to the court for opportunity to secure expert testimony concerning any such change. And, indeed, the evidence so discloses, and it would seem the affidavit of Scott, defendant's secretary, submitted on the motion in effect so admits. It is the rule of our decisions that "a party cannot speculate upon the results of a trial, and then become surprised at the result" (Baker v. Boon, 100 Ala. 622, 13 So. 481, 482), and that it is "the first duty of a party surprised at the trial, or upon the discovery of a mistake that will prejudice his interest * * * to take proper legal steps to continue or delay the cause; for 'he cannot neglect this in the hope of securing a verdict in spite of the surprise, (or, mistake), and then obtain a new trial.' " Hoskins v. Hight, 95 Ala. 284, 11 So. 253, 254; Geter v. Central Coal Co., 149 Ala. 578, 43 So. 367; Simpson v. Golden, 114 Ala. 336, 21 So. 990; Bayonne Knife Co. v. Umbenhauer, 107 Ala. 496, 18 So. 175, 54 Am. St. Rep. 114; Central of Ga. Co. v. Ashley, 160 Ala. 580, 49 So. 388.

■ Nothing was said during the trial as to any surprise in the matter of the receipt or of any desire on defendant's part for postponement that additional evidence might be produced, though witness Vaughn's testimony, if believed, disclosed this alteration.

The cited authorities, under the circumstances here shown, support the ruling of the trial court in denial of the motion upon this ground. The case of Ohme v. Bisimanis, 222 Ala. 262, 132 So. 161, cited by appellant, is widely different in the facts, and in no manner conflicts with this conclusion.

The second ground relates to the alleged disqualification of juror Barrett, based upon the fact that some six years before the trial he had paid to defendant company $100 membership fee on a subscription to stock, but had made no payments on the capital stock, and received therefor no returns. There is nothing in the proof to indicate that the juror had been misled by any statement made, or that any misrepresentations had been made, but, on the contrary, so far as the evidence discloses, Barrett well understood that he would receive no returns unless and un-

til he had made further payments on the purchase of the stock itself. Barrett himself testified that he answered truthfully as to his qualification, that he was not a stockholder in defendant company, and in no manner interested in the result of the case, and that in fact was not influenced or prejudiced one way or the other by reason of the membership fee payment, and no reason existed why he could not fairly and impartially try the case. Scott, defendant's secretary, testified that he was not connected with defendant six years previous, and it did not occur to him at the trial that Juror Barrett had made a membership payment; but that after the trial his assistant called it to his attention. Whether defendant's counsel knew it at the time of the juror's acceptance, the proof is silent. Dorgan & Young Hardware Co. v. Stephens, 161 Ala. 660, 49 So. 871; Sowell v. Bank of Brewton, 119 Ala. 92, 24 So. 585. And it appears defendant's agent knew of Barrett's relation, for it was readily ascertained after the trial by Scott's assistant. If not, it at least appears that defendant's representative has been "stimulated by the verdict to a point of effort which he ought to have reached, but did not, before the trial," Gilbreath v. Bain, 212 Ala. 100, 101 So. 762, for Barrett's former dealing was a matter of record, and readily ascertained after the verdict.

■ It is the settled rule that a verdict will not be set aside unless it be shown affirmatively that the disqualification was unknown to the party moving for a new trial and his counsel when the juror was accepted. Dorgan & Young Hardware Co. v. Stephens, supra; Sowell v. Bank of Brewton, supra; Oliver v. Herron, 106 Ala. 639, 17 So. 387. We recognize that disqualifications of jurors mentioned in the statute are not the only ones that exist, but that others existing at common law will be observed as to their competency (Citizens' Co. v. Lee, 182 Ala. 561, 62 So. 199), and that any other ground which indicates probable prejudice will disqualify (Birmingham R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Roan v. State, 225 Ala. 428, 143 So. 454).

■ In the instant case, the juror answered truthfully that he was neither a stockholder nor interested in the result. His former business relationship must have been known to defendant, though it so happens that the particular officer looking after this particular litigation may not have been aware of the transaction at the time. But even then no effort was made by inquiry to further ascertain. But all this aside, we conclude that his former transaction was not such as to indicate probable prejudice against defendant, and a contrary conclusion must rest upon pure conjecture. So far as here appears, the juror fully understood his transaction, was in no manner misled, and was entirely

530

satisfied therewith. His position was therefore unlike that of plaintiff, and we are of the opinion the defendant has not made out a case requiring a new trial because of the alleged disqualifications of the juror.

There are some few remaining questions which have been examined, but require no specific treatment here. Suffice it to say that, upon their consideration, we find nothing calling for a reversal of the cause.

Finding no reversible error, let the judgment stand affirmed.

Affirmed.

All the Justices concur.

