Plaintiffs, Debbie Lynn Massey, Pam Ponder, Mary and Miles Johnson, Edna Higgins, and Dewayne Higgins, filed an action against Life Insurance Company of Alabama (hereinafter "LICA") and Cecil Miller, the chief executive officer of the former First National Bank of Jacksonville, Alabama (hereinafter "Bank"). The complaint alleged fraud, money had and received, and conversion and made other allegations whose merits are not sufficiently presented on this appeal. The claims stemmed from the plaintiffs' allegations that the Bank had forced them, in order to obtain loans from the Bank, to purchase life insurance policies from LICA and to pledge the policies as collateral for the loans.
There is no dispute that each of these plaintiffs was in a precarious financial condition at the time he or she purchased the policies and used them as collateral for the loans at the Bank. Each of the plaintiffs owed at least $300,000 to the Bank, and, in addition, Dewayne Higgins owed approximately $90,000 to another bank in the Jacksonville area. The plaintiffs testified that they had pledged virtually all their assets as collateral for their loans. However, it appears that the value of their assets was far less than the amount of money they borrowed. Prior to the filing of this action, all of the plaintiffs had their debts discharged in bankruptcy.
Prior to trial, each defendant filed a motion for summary judgment. Those motions were denied, although the record reflects that the trial judge expressed grave doubt at that time that the plaintiffs' claims could be proved at trial. The case was presented to a jury and, following the close of the plaintiffs' evidence, the judge directed a verdict against Mary Johnson, Pam Ponder, and Debbie Lynn Massey. Following the close of all the evidence, the defendants again moved for a directed verdict. The trial judge directed a verdict against the remaining plaintiffs on all claims except conversion. The following day the trial judge entertained further arguments on the defendants' directed verdict motions as to the conversion claim and directed a verdict on that last remaining claim. The plaintiffs filed a motion for new trial and a motion for recusal. Those motions were not ruled upon by the trial judge. The motion for new trial was deemed denied under Rule 59.1, Ala.R.Civ.P., after the expiration of 90 days. The motion for new trial mentioned the motion for recusal as a ground for new trial, so the motion for recusal will also be deemed denied by operation of Rule 59.1.
The plaintiffs raise numerous issues, which can be consolidated and summarized as follows:
1. Whether the trial judge correctly directed verdicts for the defendants as to the claims of Mary Johnson and Pam Ponder;[1]
2. Whether the trial judge erred in allowing the defendants to plead the statute of limitations as an affirmative defense;
3. Whether the trial judge correctly directed verdicts for the defendants and against the remaining plaintiffs on their claims of fraud, money had and received, and conversion;
4. Whether the trial judge erred in failing to grant the plaintiffs' motion for his recusal.
 I. Directed verdict against Mary Johnson and Pam Ponder.
The complaint alleges that the plaintiffs are "holders of policies of life insurance of defendant Life Insurance Company of Alabama," and that the defendants "force[d] plaintiffs to buy exorbitant and unreasonable amounts of whole life insurance." The plaintiffs also filed a document entitled "Plaintiffs' More Definite Statement and Response to Motions for Summary Judgment," in which they allege that a "cause of action is set forth merely on the basis that the plaintiffs sought to deal with the issue of obtaining loans, and were forced to buy insurance, which they did not want, *Page 441 
from Life Insurance Company of Alabama."
"There are only two situations in which a directed verdict is proper: (1) where there is no scintilla of evidence to support an element essential to the claim[2] or (2) where there is no disputed issue of fact upon which reasonable men could differ."Osborn v. Johns, 468 So.2d 103, 111 (Ala. 1985); CaterpillarTractor Co. v. Ford, 406 So.2d 854, 856 (Ala. 1981). In order to justify a directed verdict in the latter situation, the facts and inferences must lead reasonable persons to only one verdict. Osborn, supra, quoting Bickford v. InternationalSpeedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). The evidence presented at trial revealed that no insurance policy was ever issued on the life of Mary Johnson or Pam Ponder and that neither of them was ever a party to an insurance contract from LICA. Likewise, no evidence was presented that these plaintiffs' property was converted by the defendants or that the defendants perpetrated a fraud upon them. In reviewing the facts in the light most favorable to the plaintiffs, as we are required to do, Alabama Power Co. v. Robinson, 404 So.2d 22
(Ala. 1981), we find that, because no evidence was presented at trial to support their claims, we must affirm the judgment on the directed verdicts against the claims of Mary Johnson and Pam Ponder.
 II. Statute of limitations.
The defense of the statute of limitations must be affirmatively pleaded. Ala.R.Civ.P. 8(c). If an answer fails to include an affirmative defense, that defense is generally deemed to have been waived. Hayes v. Payne, 523 So.2d 333 (Ala. 1987). Alabama law, however, has recognized numerous exceptions to this rule. Robinson v. Morse, 352 So.2d 1355 (Ala. 1977). Specifically, this Court has held that a party may amend his pleading to include an omitted affirmative defense if there is no objection by the opposing party, Bechtel v. Crown CentralPetroleum Corp., 451 So.2d 793, 796 (Ala. 1984), appeal after remand, 495 So.2d 1052 (Ala. 1986); or with leave of the court,McElrath v. Consolidated Pipe Supply Co., 351 So.2d 560 (Ala. 1977); or if the defense appears on the face of the complaint,Wallace v. Alabama Ass'n of Classified School Emp.,463 So.2d 135, 137 (Ala. 1984). In the broad discretion of the trial judge, leave to amend " 'shall be freely given when justice so requires.' " McElrath, supra, at 564, quoting Wright and Miller, 6 Federal Practice and Procedure: Civil § 1484. " 'Even as late as trial, if evidence relating to an unpleaded defense is introduced without objection, Rule 15(b) requires the pleadings to be treated as if they actually had raised the issue.' " Robinson, supra at 1357, quoting Wright Miller, 5Federal Practice Procedure: Civil § 1278.
In Pierce v. Webb, 398 So.2d 271 (Ala. 1981), this Court reviewed the issue of whether a defendant could raise the affirmative defense of the statute of limitations by amending his answer at the close of all the evidence. In that case, Webb's original answer had not pleaded that defense. However, following the close of Pierce's evidence, Webb moved to exclude Pierce's evidence because it showed that the claim was barred by the statute of limitations. At the close of all the evidence, Webb filed an amended answer specifically pleading the statute of limitations. In upholding the trial judge's allowance of Webb's amended answer, this Court held that the statute of limitations defense was established by the direct examination of Pierce and, thus, because there was no objection to the introduction of the evidence, that that issue was tried by the implied consent of the parties.
In the present action, Miles Johnson, Edna Higgins, and Dewayne Higgins ("the insureds") each testified in great detail regarding their transactions with the defendants. The insureds' testimony as to when the alleged wrongful acts occurred established the defense of the statute of limitations, *Page 442 
as did the direct examination of the plaintiff inPierce. Edna Higgins testified that Miller told her she needed insurance when she took out, or consolidated, business loans in 1982 and 1983. Dewayne Higgins purchased a policy of insurance in 1982 and pledged it to the Bank as collateral on a loan. Miles Johnson purchased a policy of insurance from LICA and pledged it to the Bank as collateral in 1983.
The essence of the plaintiffs' complaint is that they were fraudulently required to purchase insurance and that the defendants converted money that they had paid in premiums. Thus, the wrongful acts had to occur at the time the plaintiffs purchased the insurance. The testimony of the plaintiffs at trial established that their claims arose no later than 1983.
It is within the trial court's discretion to allow the defendants to amend their answer to include an affirmative defense. Baker v. McCormeck, 511 So.2d 170 (Ala. 1987); Piersolv. ITT Phillips Drill Div., Inc., 445 So.2d 559 (Ala. 1984). See, Crescent Transit, Inc. v. Varnes, 399 So.2d 233, 235 (Ala. 1981) (commenting on Rule 15(a), Ala.R.Civ.P.). In this case, we cannot hold that the trial court abused its discretion in holding that the defense of the statute of limitations had been tried by the implied consent of the parties and in allowing the defendants to amend their answer to plead the statute of limitations.
 III. Directed verdict on claims of fraud, conversion, and money had and received.
The insureds raise as error on appeal the trial judge's action in directing verdicts for the defendants on the claims of fraud, conversion, and money had and received.
Alabama Code 1975, § 6-2-39, provides that fraud actions filed on or after January 9, 1985, are subject to a two-year statute of limitations. The statutory period begins to run when the fraud is discovered. Ala. Code 1975, § 6-2-3.
 " 'Fraud is deemed to have been discovered when it ought to have been discovered. It is sufficient to begin the running of the statute of limitations that facts were known which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry.' "
Osborn, 468 So.2d 103, 111, quoting Jefferson County TruckGrowers Association v. Tanner, 341 So.2d 485, 488 (Ala. 1977) (emphasis added in Osborn). Generally, the question of when a plaintiff discovered an alleged fraud is a question for the jury; however, even matters that are usually considered to be jury questions can be resolved by directed verdict when the evidence clearly warrants it. Osborn, supra.
The insureds contend that they never wanted these insurance policies and that they were forced to purchase the policies in order to get a loan. Reasonable men could conclude only that the insureds were or should have been aware of the alleged fraud at the time they claim they were forced to do something against their will. Edna Higgins pledged her policy of insurance as collateral on loans in 1982 and 1983. Dewayne Higgins pledged a policy of insurance as collateral on a loan in 1982, and Miles Johnson pledged a policy of insurance as collateral in 1983. Thus, because this cause of action was not filed until 1986, their claims are barred by the statute of limitations.
The insureds also argue that the trial judge erroneously directed a verdict against their claim for conversion of the money paid by the insureds for their policies. Conversion has been defined as "a wrongful exercise of dominion over property in exclusion or defiance of the plaintiff's rights." UnitedMerchants Mfrs., Inc. v. Sanders, 508 So.2d 689, 691 (Ala. 1987). In order to maintain a conversion action, the plaintiff must have possession or an immediate right to possession of the property. Edwards v. Vanzant, 492 So.2d 990 (Ala. 1986).
Specifically, " 'trover lies for the conversion of "ear marked" money or specific money capable of identification,e.g., money in a bag or coins or notes which have been entrusted to defendant's care.' " Hunnicutt v. Higginbotham,138 Ala. 472, *Page 443 
475, 35 So. 469, 470 (1903) (quoting from 21 Enc.Pl. Prac. 1020, 1021); United Merchants Mfrs., supra; Lewis v. Fowler,479 So.2d 725, 726 (Ala. 1985). In other words, an action alleging conversion of money lies only where there is an obligation to deliver the specific pieces of money in question or money that has been specifically sequestered, rather than a mere obligation to deliver a certain sum. Here, there was no specific, identifiable coin or bill, nor was there evidence that the money had been placed into a separate account. The insureds merely seek to recover a certain sum of currency paid for the purchase of insurance policies. Therefore, the trial judge correctly directed verdicts as to the insureds' claims for conversion.
Finally, the insureds claim that the trial judge erroneously directed verdicts against their claims for money had and received on the basis of a two-year statute of limitations, contending that actually there is a six-year statute of limitations for that cause of action. They are correct in that this action is governed by a six-year statute of limitations.Mutual Bldg. Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817
(1933). However, we affirm the judgment insofar as it is based on the directed verdicts against the plaintiffs' claim for money had and received, because the evidence presented at trial does not support that claim. A trial judge does not commit reversible error in directing a verdict on an erroneous ground if the moving party is otherwise entitled to the directed verdict on any ground raised in his motion. King v. Winslett,287 Ala. 98, 248 So.2d 566 (1971).
"The essence of [a claim for] money had and received is that facts can be proved which show that [the] defendant holds money which in equity and good conscience belongs to the plaintiff or was improperly paid to the defendant because of mistake or fraud." Foshee v. General Tel. Co., 295 Ala. 70, 322 So.2d 715
(1975).
At trial, the insureds established that they paid money to the defendant, LICA, for premiums on life insurance policies that were pledged as collateral for loans they had obtained from the Bank. The evidence shows that the insurance policies were issued and that the insureds received the protection afforded by the policies they purchased. Thus, the insureds have not shown that they were improperly required to pay money to the defendants, or that the trial judge erred in directing verdicts against the claims for money had and received.
 IV. Recusal.
In the initial proceedings in this case, the trial judge revealed to all the parties that he owned a life insurance policy issued by LICA. At that time the plaintiffs raised no question concerning his participation in this litigation. It was not until 75 days after trial that the plaintiffs filed a motion for recusal. "The law is quite clear that failure to object to bias at the trial level precludes that issue from being raised on appeal." United Companies Financial Corp. v.Wyers, 518 So.2d 700, 702 (Ala. 1987). Similarly, the plaintiffs' failure to object when the trial judge disclosed before trial that he owned a LICA policy precludes them from raising that fact after trial as a ground for recusal and a new trial.
Initially, we note that we find absolutely no indication of bias on the part of the trial judge. However, even if the plaintiffs' motion for recusal contained valid arguments, we would not adopt a policy that allows a party to raise the question of bias for the first time in a post-trial motion when the party has notice before trial of the alleged reason for bias.
 V. Other arguments.
The appellants also raise other points in the argument section of their brief. Their brief contains only a very short statement of the facts, however. The record includes over 1100 pages, of which 873 pages form the reporter's transcript of the trial. The questions whether the trial court erred in directing verdicts for the defendants or whether, for example, the court erred in excluding certain evidence, are very fact-specific and depend upon details of the course of pretrial and trial *Page 444 
proceedings. An appellant has the burden of showing that a trial court has committed error; "this Court is not under a duty to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to an appeal." Totten v. Lighting Supply, Inc.,507 So.2d 502, 503 (Ala. 1987) (citations omitted). Therefore, because the appellants' brief has not given enough of a statement of facts to support the remaining points that they attempt to argue, we pretermit discussion of their arguments on those points.
For all the reasons stated above, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Plaintiff Debbie Lynn Massey did not appeal, so the trial court's directed verdict against her claims is not challenged.
[2] Because this action was pending on June 11, 1987, it is governed by the "scintilla rule." See Ala. Code 1975, §12-21-12.