THOMPSON, Judge.
This matter was initiated when Karen B. Rush sued Charles Edwin Rush for a divorce in 1987. On July 15, 1988, the trial court ordered the marriage dissolved but retained jurisdiction to determine child support, alimony, and a property division.
On July 13, 1988, Nell Rush, the husband’s mother and the sole officer and shareholder of Shamrock Farm & Land Corporation, sued the husband and the wife in an action to quiet title to certain parcels of land (Nell Rush’s action will be called “the Shamrock case”). All of the *382 judges in the 27th Judicial Circuit recused themselves in both the divorce case and the Shamrock case, and on November 8, 1996, the Alabama Supreme Court appointed Judge Clark E. Johnson, Jr., as a special judge to hear both cases. Judge Johnson, ex mero motu, joined all nonjury issues contained in both eases for one trial. Following hearings, Judge Johnson entered final orders in both cases on January 6, 1998. On February 4, 1998, Nell Rush and Karen Rush filed separate Rule 59(e), Ala.R.Civ.P., motions. In addition, Karen Rush filed a motion suggesting there were other issues undecided and asking that those issues be set for trial. Judge Johnson denied all of the motions on February 12, 1998. Karen Rush also filed, at some point, a motion to consolidate the Shamrock ease with a case styled William E. Jones and Jackie D. Jones v. Karen B. Rush and Shamrock Farm & Land Corporation, which was pending in a court in Etowah County.[1] This motion was denied on February 24,1998.
On March 26, 1998, Charles Rush appealed to this court from the judgment in the divorce case and in that appeal challenged the trial court’s authority to place a lien on property awarded him in that case. On March 27, 1998,[2] Nell Rush on behalf of Shamrock Farm & Land Corporation filed a notice of appeal to the supreme court in the Shamrock case. On March 30, 1998, Karen Rush cross appealed to the supreme court in the Shamrock case. The supreme court transferred the appeals of the Shamrock case to this court pursuant to § 12-2-7, Ala. Code 1975.
Karen Rush contends in her brief that the appeal in the Shamrock case is due to be dismissed as untimely. We agree. On February 12, 1998, the trial court denied all Rule 59(e) motions. Therefore, March 26, 1998 (the 42d day after February 12), was the latest date on which a notice of appeal could be timely filed.
Karen Rush filed an undated motion to consolidate the Shamrock case with another case pending in Etowah County; that motion was denied on February 24, 1998. We conclude that that motion does not qualify as one of the post-trial motions listed in Rule 4(a)(3), Ada.R.App.P., that would toll the running of the time for filing a notice of appeal. The motion to consolidate seeks to consolidate the two actions on the grounds that they involved common facts and issues. The motion is clearly not a Rule 50 motion for a judgment as a matter of law; a Rule 52 motion for additional findings; a Rule 55 motion to set aside a default judgment; or a Rule 59 motion to alter, amend, or vacate the judgment. Therefore, the filing of that motion to consolidate did not extend the time for filing a notice of appeal. Thus, the notice of appeal filed on March 27, 1998, is untimely.
Further, although it may initially appear that the notice of appeal filed on March 27 might be timely as a joint appeal under Rule 3(b), Ala.R.App.P., or as a cross appeal under Rule 4(a)(2), Ala. R.App.P., this is not the ease. The notice of appeal filed by Charles Rush on March 26, 1998, indicates the case number for the *383 divorce case, DR-87-209, as the number of the case from which that appeal was taken. The notice of appeal filed on March 27, 1998, indicates that it is an appeal from case No. CV-88-221, the docket number assigned to the Shamrock cas.e. Although the judge joined the nonjury issues in these two cases for the purpose of holding a joint trial, after carefully reviewing the record we conclude that the two actions were not consolidated into a single action.
Judge Johnson’s order requiring a joint trial of the issues reads as follows:
“There are common issues of fact in the ... cases. One important issue is what property should be considered a part of the marital estate. Neither party has asked that the cases be consolidated; therefore, the Court, Ex Mero Motu, ... Orders that all nonjury issues in each of the above cases be consolidated for Trial
[[Image here]]
The record reflects that the two cases were maintained under separate case numbers and thereby retained their identity as separate actions, and that Judge Johnson entered separate judgments in two cases. We conclude that the two cases were not in fact merged into one case, even though Judge Johnson used the word “consolidated” in his joint-trial order, and that the parties in the one action did not become parties in the other action. See the Committee Comments to Rule 42(a), Ala. R.Civ.P. Therefore, no cross appeal or joint appeal would be possible between or among parties in the Shamrock action and the parties in the divorce action.
The timely filing of a notice of appeal is a jurisdictional act. Rule 2(a)(1), Ala. R.App.P.; Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App.1994). Therefore, the appeal in the Shamrock action, appeal No. 2970758, is due to be dismissed as having been untimely filed.
Charles Rush argues on appeal from the judgment in the divorce case that the trial court erred in determining that certain tracts of land referred to as tracts 3, 4, 5, and 6 were marital assets and subject to division as a part of the marital estate. In support of his argument, Charles Rush incorporates by reference the brief that was filed by Nell Rush and Shamrock Farm & Land Corporation in the Shamrock action. However, our careful review of that brief reveals no authority in support of this contention. Rule 28(a)(5), Ala.R.App.P., provides that “[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.” See also McLemore v. Fleming, 604 So.2d 353 (Ala. 1992). The brief referred to by Charles Rush in his brief on appeal does make several arguments regarding whether the real estate conveyances Charles Rush executed by using .Karen Rush’s power of attorney were valid. However, this court is precluded from considering these issues, which pertain to the Shamrock action, from which no timely appeal was filed.
Charles Rush also argues that the trial court erred in admitting records from the Circuit Court of Orange County, Florida, pertaining to his felony conviction. He claims the records did not comply with the requirements of Rule 44(a)(1), Ala. R. Civ. P. The records consist of the sentencing order, the. arrest affidavit, and the judgment finding him guilty of “burglary of a conveyance.”[3] In his brief on appeal, Charles Rush does not say specifically what the documents are lacking by way of authentication. Each of the documents admitted into evidence carried a stamped and sealed certification by the clerk of the circuit court-and was signed by a deputy clerk. The sentencing order for the prior Florida conviction was signed by the cir *384 cuit judge and was attested to by the deputy clerk. See Rule 44(a)(1), Ala.R.Civ. P.; see also 2 Champ Lyons, Alabama Rules of Civil Procedure Annotated, § 44.2 (1986), and Ervin v. State, 630 So.2d 115 (Ala.Cr.App.1992). The burden is on the appellant to show that the trial court erred. Johnson v. Life Ins. Co. of Alabama, 581 So.2d 438 (Ala.1991). We find no error in the trial court’s admitting these documents.
Charles Rush further contends that the testimony elicited at trial regarding his prior Florida conviction was improperly admitted because the official records of the conviction are the best evidence. We need not express an opinion as to whether such testimony was properly admitted, because we have concluded that the documents themselves were in fact properly admitted.
Charles Rush also argues that the trial court erred in fashioning its property settlement to award Karen Rush a lien on property owned by Charles Rush. The lien was conditioned upon the outcome of litigation pending in another proceeding. After the couple separated, Charles Rush transferred a certain note and a mortgage to Shamrock Farm & Land Corporation, by using a power of attorney executed by Karen Rush. Karen Rush is involved, in an action to quiet title, with those persons who made the note and gave the mortgage. Judge Johnson ruled that the note and mortgage were property of the marital estate. Because it was not known when the divorce judgment was entered whether the transfer of the property by Charles Rush to Shamrock Farm & Land Corporation was valid, the court fashioned its judgment so as to assure that Karen Rush would not be held liable for Charles Rush’s conduct in the transfer of the property if the transfer was later determined to be void and unenforceable. Therefore, the court awarded the property to Charles Rush but placed a lien against the property for potential liability with which Karen Rush may be charged as a result of Charles Rush’s conveyance of the property-
In support of his argument that the trial court exceeded its authority in fashioning its judgment in this way, Charles Rush cites the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-27 et seq., and a case from our supreme court regarding the unenforceabilty of an agreement to enter into a future contract with indefinite terms. Because the challenged provision in the judgment does not concern attorney fees or a contract obligation, this authority is not persuasive.
It is well established that the division of property falls soundly within the discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ. App.1987). This court has held that it is not an abuse of discretion to impose a lien on real property in order to secure an award in an order dividing marital assets. See Jones v. Jones, 596 So.2d 949 (Ala.Civ. App.1992). The circumstances surrounding this divorce action, which has been pending for over 10 years, are protracted and convoluted. During the marriage, Charles Rush earned between $50,000 and $100,000 annually as a gun dealer, and Karen Rush earned between $18,000 and $20,000 annually as a bookkeeper. The evidence indicates that she fled her home as a victim of spousal abuse and that when she left the marital assets were valued at $474,756, as reflected on a financial statement prepared by Charles Rush. She transferred $20,936 to her possession shortly after she left the marital home. She sent their daughter, Kristine, through college, with no support from Charles Rush. She reared and supported Eric, their son, but was unable to assist him with college. Charles Rush explained that he had liquidated all of the marital assets, with the exception of the real property that is the subject of this action, to pay for his criminal defense in Florida. We conclude that the division of property awarded by the trial court was not an abuse of discretion.
*385 The judgment in the divorce case is affirmed, and the appeal in the Shamrock case is dismissed.
2970698 — AFFIRMED.
2970758 — DISMISSED.
ROBERTSON, P.J., and YATES, J., concur in the result.
MONROE and CRAWLEY, JJ., concur in part and dissent in part.

. We are unable to determine from the record the date this motion was filed. The filing stamp indicates the month of February and the year 1998, but the day of the month is not indicated.

. Karen Rush moved to dismiss Nell Rush’s appeal. Nell Rush filed a response to Karen Rush’s motion to dismiss. In her response, she argues that Nell Rush’s notice of appeal in the Shamrock case was actually filed on March 26, 1998. In support of her response, she submitted a date-stamped, unexecuted copy of the notice of appeal, bearing the date March 26, 1998, and an affidavit from her attorney's secretary explaining that the secretary had filed the notice of appeal late in the day on March 26, 1998. The notice of appeal that is contained in the certified record on appeal, however, is fully executed and bears the stamped filing date March 27, 1998. Nell Rush did not file a motion to correct the record pursuant to Rule 10(f), Ala.R.App.P.; therefore, we find the date upon which her notice of appeal was filed to be March 27, 1998.

. Charles Rush had been arrested in Florida and charged with burglary of Karen Rush's vehicle and with assault on Karen Rush. He was convicted of burglary of a vehicle and was sentenced to two years' incarceration for that crime.