HOUSTON, Justice.
Wal-Mart Stores, Inc., appeals from a summary judgment entered in favor of Anniston Development Company (“ADC”) in an action to recover overpayment of rent, pursuant to a lease between Wal-Mart, as lessee, and ADC, as lessor. The overpayment was made more than three years before this action was filed. In its motion for a summary judgment ADC argued that the three-year statutory period of limitations for an action for money due by open or unliquidated account (Ala.Code 1975, § 6-2-37(1) -[1]) had expired.
Wal-Mart contends that this is an action for money had and received, which is governed by the six-year statute of limitations (Johnson v. Life Ins. Co. of Alabama, 581 So.2d 438, 443 (Ala.1991); Mutual Bldg. & Loan Ass’n v. Watson, 226 Ala. 526, 147 So. 817 (1933)), or an action on the written lease agreement, which is also governed by the six-year statute of limitations. (Ala. Code 1975, § 6-2-34(9)). There is no dispute that the action was filed within the six-year limitations period.
To determine which statute of limitations applies, we must resolve the question whether Wal-Mart’s action was an action on an open and unliquidated account or an action for money had and received on the written lease contract.
The pertinent portions of the complaint are as follows:
“V.
“On October 31, 1992, in Calhoun County, Alabama, [Wal-Mart] paid rent to [ADC] pursuant to a lease contract between [Wal-Mart] and [ADC]. By mistake [Wal-Mart] overpaid [ADC] in the amount of $75,785.71.
“VI.
“On numerous occasions since October 31, 1992, [Wal-Mart] has demanded reimbursement of the above-mentioned overpayment from [ADC], but no part of it has been repaid.
*220 “VIL
“[ADC is] Hable to [Wal-Mart] in the amount of $75,785.71.”
ADC filed an answer; that answer included as the “First Affirmative Defense” the following: “[ADC] states that this claim is barred by the statute of limitations.” ADC filed an amended answer, which included the following: “[ADC] avers that this claim for overpaid rent is a claim on an open account and is thereby barred by the three year statute of Hmita-tions.”
ADC also filed a motion for a summary judgment with a supporting memorandum, asserting that the three-year statute of Hmitations barred Wal-Mart’s claim. ADC cited only two cases in the memorandum: Panell v. Henslee, 756 So.2d 862 (Ala.1999), was cited for the proposition that if this cause of action is an action to recover on an open or unKquidated account, a summary judgment is proper (Pa-nell involved a legal-malpractice claim), and Union Naval Stores Co. v. Patterson, 179 Ala. 525, 529, 60 So. 807, 808 (1912), which held:
“A contract which is definite in all of its terms, when nothing, under the terms of the contract, is left for future adjustment, whether it be evidenced by a writing or not cannot be considered a mere open account.”
Wal-Mart leased from ADC property located in Anniston. The written lease agreement required Wal-Mart to pay a base rent plus a “percentage rent”; that percentage was calculated annually by multiplying Wal-Mart’s “gross sales,” a term that was specifically defined in the lease, by V0o. The lease agreement provided that the amount of the base rent would then be deducted from that amount to determine the percentage rent and that if Wal-Mart replaced any mechanical equipment originally installed on the premises by ADC Wal-Mart would receive a credit against the percentage rent for the unamortized costs of the mechanical equipment. On October 81, 1992, Wal-Mart paid ADC $176,502.11 as the percentage rent for the lease period ending on that date. Wal-Mart faded to deduct from the percentage rent for the lease period ending October 31,1992, all or a portion of the base rent it had paid that year. In opposition to the motion for a summary judgment, Wal-Mart filed an affidavit of the 16-year employee in the accounting department who had prepared the statement of gross sales and had calculated the rental for the Anniston Wal-Mart store for 1992. The employee swore that under the terms of the lease agreement Wal-Mart made no adjustments to the percentage rent paid to ADC for 1992 for depreciation of any capital improvements in the demised premises.
ADC contends that the amount of rent was open and unliquidated because the gross sales figure could not be known before the end of each year and ADC had a right to contest the amount Wal-Mart contended it owed as the percentage rent each year and the percentage rent could be adjusted by the unamortized cost of any mechanical equipment originally furnished by ADC and replaced by Wal-Mart during the year.
What ADC and the trial court failed to acknowledge is that Wal-Mart and ADC are fully bound by the price, as set out in the terms of the contract. Gross sales are fully defined in the lease. The percentage of gross sales to be paid as percentage rent is fully defined in the lease. The base rent is fully defined in the lease. The manner in which the base rent is deducted from the percentage rent is fully defined in the lease. Although in 1992 Wal-Mart replaced no mechanical equipment that *221 had been originally installed by ADC, the method by which Wal-Mart could receive a credit against the percentage rent for the unamortized costs of replaced mechanical equipment was fully set out in the lease.
An open and unliquidated account is one where a provision of the contract is left open for further negotiations. Union Naval Stores, supra. The lease contract between Wal-Mart and ADC was fixed and settled in all its terms.
Wal-Mart is seeking to recover money had and received by ADC because of Wal-Mart’s mistake in allegedly overpaying ADC the rental it owed ADC for the fiscal year ending October 31, 1992. This action is not barred by Ala.Code 1975, § 6-2-37(1), and it is for the trier of the facts to determine what amount, if any, ADC owes Wal-Mart.
REVERSED AND REMANDED.
MOORE, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.

. Section 6-2-37(1) provides:
“The following must be commenced within three years:
“(1) Actions to recover money due by open or unliquidated account, the time to be computed from the date of the last item of the account or from the time when, by contract or usage, the account is due.... ”