Appellant, Dr. Carl R. Robinson, appeals from a $12,000 judgment for appellee, J.T. Morse, on appellee's counterclaim. We affirm.
Appellant has owned a farm of approximately 275 acres in Bibb County since 1972. At the time appellant purchased the farm, appellee and his family were renting a house thereon from the previous owner. Appellant and appellee entered into an agreement whereby appellee would work and perform various services in exchange for rent. Dispute arose in fall, 1974, which led to this suit.
Appellant filed an unlawful detainer action in January, 1975, in Bibb County Circuit Court against appellee. Appellee filed a counterclaim, which was thereafter amended, praying for: (1) conveyance of twenty acres of land by appellant, allegedly promised in return for appellee's work on the farm; (2) damages for misrepresentation and deceit caused by appellant's alleged promise to convey the property to appellee; and (3) wages due members of appellee's family for labor performed on appellant's farm.
Appellee's two motions to dismiss the unlawful detainer action were denied. Likewise, appellant's motions to dismiss both the counterclaim and the amended counterclaim were also denied.
A trial was held, ore tenus, and judgment rendered in favor of appellant for the lands described in the complaint and in favor of appellee for $12,000 on his counterclaim. Appellant's motion for new trial was overruled. Six days after trial, appellant filed an "[a]nswer to defendant's amended counterclaim," which raised the defenses of the statute of frauds and the statute of limitations.
Appellant contends, on this appeal, that appellee's counterclaim for recovery of wages is governed by the one-year statute of limitations contained in Tit. 7, § 26 (1), Code of Alabama 1940. Hence, appellant argues, appellee's action for wages can only be for work appellee performed during the twelve month period immediately preceding commencement of this suit. Appellant also contends that the damages assessed were excessive.
We would first point out that Tit. 7, § 26 (1), Code, has been declared unconstitutional. Caldwell v. Alabama Dry Dock Shipbuilding Co., 161 F.2d 83 (5th Cir. 1947).
Assuming, however, that appellant is relying upon another statute of limitations, our result would be the same. Rule 8 (c), A.R.C.P. requires that the affirmative defense of the statute of limitations be affirmatively set forth. See Blackmonv. Chrysler Motors Corp., 294 Ala. 426, 318 So.2d 286 (1975). Where, however, a party fails to plead an affirmative defense, it is generally deemed to have been waived. 5 Wright Miller,Federal Practice Procedure § 1278, pp. 339-52. Thus, it has been held in a number of cases that parties have waived their defense of the statute of limitations by failing to plead it.E.g., Senter v. General Motors Corp., 532 F.2d 511 (6th Cir. 1976); Jakobsen v. Massachusetts Port Authority, 520 F.2d 810
(1st Cir. 1975). *Page 1357 
Of course, there are exceptions to this rule.
 "Of course, the waiver rule is not automatically applied and as a practical matter there are numerous exceptions to it. Thus, as discussed in the preceding section, the substance of many unpleaded affirmative defenses may be asserted by pretrial motions. Moreover, even if defendant does not assert an affirmative defense in his answer, he may amend his pleading under Rule 15 (a) without leave of the court within 20 days after it has been served if plaintiff is not permitted to interpose a responsive pleading. When this provision is unavailing, he may amend his pleading to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the court, which `shall be freely given when justice so requires.' Even as late as trial, if evidence relating to an unpleaded defense is introduced without objection, Rule 15 (b) requires the pleadings to be treated as if they actually had raised the issue. However, if the record indicates that the unpleaded affirmative defense has not been tried by the `express or implied consent' of the parties, the pleadings will not be treated as if they actually had raised the defense, and the court may decide not to permit the issue to be litigated." (Footnotes omitted.)
5 Wright Miller, Federal Practice Procedure, § 1278 (citations omitted).
In this case, however, none of the exceptions apply. Not only was the statute of limitations issue raised for the first time six days after trial, but it was also not tried with the "implied or express consent of the parties."
Finally, appellant contends the damages were excessive. We cannot agree.
Where evidence as to amount of damages was heard ore tenus by the trial judge, his findings should be reversed only if clearly and palpably erroneous. Thoman Engineers, Inc. v.McDonald, 57 Ala. App. 287, 328 So.2d 293 (1976). The evidence presented was more than ample to justify the damages assessed against appellant.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and EMBRY, JJ., concur.