This is a land dispute involving a 40-acre tract in Mobile County.
The case was heard ore tenus and both sides presented testimony; much of it was conflicting.
We have carefully reviewed the record and find that there was substantial evidence to support the trial court's decree which determined that the appellees were the lawful owners of a tract described as:
 "The East half of the Northwest Quarter of the Northwest Quarter of Section 31, Township 2 South, Range 2 West, Mobile County, Alabama, being 20 acres more or less."
It was undisputed that Miles Brown and Rebecca Brown executed two separate deeds on September 7, 1950, conveying to James Brown property described in the separate deeds, as follows:
Deed 1 (Book 513, Page 324)
 "All that real property located in Mobile County, Alabama, described as follows:
 "A ten acre tract or parcel of land. The northwest quarter of the northwest quarter of section thirty-one (31), township two (2) south R. 2 W., Mobile, County, Alabama, and containing thirty (30) acres by deed dated the 13th day of July, 1948, by Ottie L. Cochran, Jr. and Evelyn Cochran, his wife, and recorded in the probate court records of Mobile County, Alabama in deed book 467, page 690. Being the same tract or parcel and premises which Ottie L. Cochran, Jr., and Evelyn Cochran, his wife, by their deed, dated the 13th day of July, 1948, to L.C. Auvil and H.W. Auvil, and being the same tract or parcel of land conveyed by deed to Miles Brown and Rebecca Brown, his wife, on the 29th day of August, 1949, in deed book 485, page 375, in the probate court records of Mobile County, Alabama.
 "The ten acres described above as the tract or parcel of land on east boundry of the land described above."
Deed 2 (Book 513, Page 327)
 "All that real property located in Mobile County, Alabama, described as follows:
 "Beginning at the N.W. quarter of the N.W. quarter of section thirty one (31) township two, South, Range 2, West, Mobile County, Alabama. Commencing at the N.E. quarter thence running westward along said quarter line three hundred fifty feet (350), thence southwardly thirteen hundred and twenty (1320) feet to a point, thence east three hundred thirty (330) feet, to the southeast corner of said quarter, thence north thirteen hundred twenty (1320) feet to the place of beginning, containing ten acres more or less, as recorded in the probate court records of Mobile County, Alabama, in deed book 418, page 695. Being that same tract or parcel of land transferred by deed to James Edward Brown and wife, and Miles Brown and wife, by Thomas J. Lowell, Sr., and Nettie Lowell, his wife, on the 25th day of February, 1949."
Miles and Rebecca Brown testified that James Brown brought both of these deeds, which were recorded, back to them and stated that he could not pay for the land. There was no testimony that James Brown ever executed a deed conveying the two tracts back to Miles and Rebecca Brown. There was testimony that Miles and Rebecca Brown paid the taxes on both tracts, but there was also testimony that James Brown claimed to own the 20 acres, and that he used the land for pasturing cattle and a mule and for growing a garden. Miles and Rebecca Brown contended James Brown's use of the property was by permission. *Page 1040 
Even assuming that James Brown, as grantee in the two deeds, surrendered them to the grantors, Miles and Rebecca Brown, that would not revert the title, because a subsequent surrender to the grantor of a deed which has been executed and delivered will not revert the title. Hollingsworth v. Walker, 98 Ala. 543,13 So. 6 (1893).
By annually listing the land for taxation for a period of ten years, the appellants have satisfied at least one of the statutory alternatives for claiming title by adverse possession. Ala. Code § 6-5-200 (a) (1975). But in order to divest the holders of legal title to land on a claim of adverse possession, the claimants have the burden of showing actual, clear, definite, positive, notorious, open, continuous, adverse, and exclusive possession of a definite tract under a claim of right for the time prescribed by law by clear and convincing evidence. Knowles v. Golden Stream Fishing Club,Inc., 331 So.2d 253 (Ala. 1976). In this case, the appellants have a heavier burden of proof due to the grantor-grantee relationship between the parties. Walker v. Coley, 264 Ala. 492, 88 So.2d 868 (1956).
 "It is the well-settled rule that by the execution and delivery of a deed the entire interests vests in the grantee, and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee."
We note that Walker holds that payment of taxes for the prescriptive period of twenty years eliminates the presumption of subserviency of those claiming title by adverse possession, but in this case, the prescriptive period has not run.
Here, a family relationship also exists between the parties. Courts are especially reluctant to find that an adverse title arises from the continued occupation and use of the property by the grantor after conveyance, where there is a family relationship between the grantor and grantee. Annot., 39 A.L.R.2d 353 (1955). See, Chancellor v. Teel, 141 Ala. 634,37 So. 665 (1904); Scruggs v. Decatur Mineral Land Co., 86 Ala. 173,5 So. 440 (1888).
There was other evidence which we do not set out which would support the decree of the trial court. Suffice it to say that his findings are supported by the evidence and are not clearly and palpably wrong.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.