This is an appeal from an order dismissing Pierce's action after finding it was barred by the statute of limitations of one year. We affirm.
On July 27, 1976, Pierce sued Ms. Webb, individually, and doing business as Webb Sand and Gravel Company, for injunction and incidental relief. He alleged that she had altered the natural flow of surface water near his property, and caused it to be channeled onto his property in excessive quantities. Webb in her answer did not specifically plead the statute of limitations. However, at the conclusion of Pierce's evidence, she moved to exclude it because it showed that the claim was barred by the one-year statute of limitations. Next, at the close of the case, she filed an amended answer under Rule 15 (b), ARCP, to conform to the evidence. And, there she specifically pleaded the statute of limitations.
The sole issue presented for review is whether the amended answer pleading the defense of statute of limitations at the close of the case should have been permitted by the trial court. We hold that the amended answer was permissible.
Pierce contends that the defense of statute of limitations must be specifically pleaded for it to be available as a defense. Moreover, he contends under the authority of Robinsonv. Morse, 352 So.2d 1355 (Ala. 1977), that the defense, if not specifically pleaded, is generally deemed to have been waived.
Jutice Bloodworth wrote in Robinson that Rule 8 (c), ARCP, requires that the affirmative defense of the statute of limitations be affirmatively pleaded, and, if not pleaded, the defense is generally deemed to have been waived. But, he also wrote that there are exceptions to the rule, citing 5 Wright 
Miller, Federal Practice and Procedure § 1278. The case before us falls within an exception to the rule. Here, the defense of the statute of limitations was raised before judgment by the amended answer to conform to the evidence. In Robinson the defense was raised six days after judgment.
Rule 15 (b), ARCP, permits a trial judge within his discretion to allow amended pleadings. Stead v. Blue Cross-BlueShield of Alabama, 294 Ala. 3, 310 So.2d 469 (1975). Here, the evidence shows that the *Page 272 
defense of the statute of limitations was established by the direct examination of Pierce. That being so, that issue was tried by the implied consent of the parties; there was no objection to the introduction of the evidence. Therefore, Webb's amendment was properly allowed. Cf. Committee Comment, Rule 15, ARCP.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.