523 So.2d 333 (1987)
Ronnie B. HAYES
v.
Robert Q. PAYNE.
85-608.
Supreme Court of Alabama.
July 31, 1987.
On Return to Remand April 1, 1988.
John D. Gleissner of Davies, Williams & Wallace, Birmingham, for appellant.
Louis W. Scholl, Birmingham, for appellee.
STEAGALL, Justice.
On July 23, 1984, Robert Q. Payne filed a suit in circuit court against Ronnie B. Hayes. The complaint alleged breach of contract and fraud regarding the sale by Hayes to Payne of 50 percent of the stock in B H & R Fabricators, Inc., a corporation owned by Hayes. Hayes filed a pro se answer to the complaint, denying each of the allegations contained in the complaint. The case proceeded to trial, and on September 25, 1985, judgment was entered on a jury verdict in favor of Payne and against Hayes, with damages assessed at $152,976.11.
On October 22, 1985, Hayes filed a pro se motion for new trial. On December 20, 1985, an attorney entered an appearance on behalf of Hayes, filing an "amendment to answer," pleading the applicable one-year statute of limitations as a bar to the plaintiff's allegations with regard to fraud. Hayes sought to have the court "relate this defense back to the date of the original answer and remit the verdict and judgment accordingly." Payne filed an objection to Hayes's motion. Hayes, through his attorney, filed additional motions seeking a new trial, remittitur, and other relief. On January 24, 1986, the trial judge overruled the motion for new trial and refused to set aside or remit the jury verdict.
Hayes contends on appeal that the trial court erred in refusing to allow the amended answer pleading the defense of the statute of limitations after the jury had returned its verdict. We find no error based on the record before us.
Rule 8(c), A.R.Civ.P., provides that the statute of limitations is an affirmative *334 defense that must be affirmatively pleaded. Where an answer has been filed and an affirmative defense has not been pleaded, the defense generally is deemed to have been waived. Wallace v. Alabama Ass'n of Classified School Employees, 463 So.2d 135 (Ala.1984); Robinson v. Morse, 352 So.2d 1355 (Ala.1977). There are exceptions to this rule, as recognized by Robinson v. Morse, at 1357, quoting 5 Wright & Miller, Federal Practice & Procedure § 1278:
"`Of course, the waiver rule is not automatically applied and as a practical matter there are numerous exceptions to it. Thus, as discussed in the preceding section, the substance of many unpleaded affirmative defenses may be asserted by pretrial motions. Moreover, even if defendant does not assert an affirmative defense in his answer, he may amend his pleading under Rule 15(a) without leave of the court within 20 days after it has been served if plaintiff is not permitted to interpose a responsive pleading. When this provision is unavailing, he may amend his pleading to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the court, which "shall be freely given when justice so requires." Even as late as trial, if evidence relating to an unpleaded defense is introduced without objection, Rule 15(b) requires the pleadings to be treated as if they actually had raised the issue. However, if the record indicates that the unpleaded affirmative defense has not been tried by the "express or implied consent" of the parties, the pleadings will not be treated as if they actually had raised the defense, and the court may decide not to permit the issue to be litigated.' (Footnotes omitted.)"
Additionally, an affirmative defense that has not been pleaded may be revived if the defense appears on the face of the complaint. Wallace, supra.
Hayes correctly points out that Rule 15, A.R.Civ.P., requires that amendments be granted liberally when justice so requires. Regarding the application of Rule 15, A.R. Civ.P., this Court, in Stead v. Blue Cross Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975), said:
"We simply state here that if Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced."
The trial judge is vested with discretion to allow or to deny amendments under Rule 15, Pierce v. Webb, 398 So.2d 271 (Ala. 1981); Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980), and the trial judge's determination should not be reversed in the absence of an abuse of that discretion. Hughes v. Wallace, 429 So.2d 981 (Ala.1983).
In the instant case, Hayes contends that his amended answer raising the statute of limitations should be allowed as an exception because the defense appears on the face of the complaint and because the issue of the statute of limitations was tried by the implied consent of the parties. We agree with the determination of the trial court that the defense of the "statute of limitations does not appear on the face of [the] complaint." The only record of the proceedings at trial is a statement of the evidence and proceedings, made pursuant to Rule 10(d), A.R.App.P. This statement does not indicate that the statute of limitations issue was tried by the "express or implied consent" of the parties.
The statement of the evidence and proceedings reveals that, prior to trial, the judge encouraged Hayes to get a lawyer and informed him that the case would be continued if he desired to obtain the services of an attorney. However, Hayes declined a continuance on that basis. The defense of the statute of limitations was raised for the first time after judgment was entered in favor of Payne. The only reason advanced for the failure to raise the *335 defense earlier is that Hayes, who was not represented by an attorney at trial, was unaware of the necessity of pleading the affirmative defense of the statute of limitations. We do not deem this to be a justifiable reason for failing to raise the defense earlier. In Phillips v. Alonzo, 461 So.2d 796 (Ala.1984), the appellant, who had proceeded pro se in a legal malpractice suit, sought relief under Rule 60(b)(6), A.R. Civ.P., from the summary judgment that had been entered against him. The appellant contended that the trial judge had abused his discretion by failing to inform appellant that it was necessary to file a counteraffidavit of an expert in order to defeat the summary judgment motion. The court held that the appellant failed to show an abuse of discretion by the trial judge to justify relief under Rule 60(b)(6).
Accordingly, we hold that the trial court did not abuse its discretion in refusing to allow the amended answer asserting the affirmative defense to be presented following the jury verdict and entry of judgment. See Moseley v. Commercial State Bank, 457 So.2d 967 (Ala.1984); Robinson v. Morse, 352 So.2d 1355 (Ala.1977).
Hayes filed a motion for new trial, or alternatively, a motion for remittitur, contending that the jury verdict was excessive and was the result of prejudice, bias, or passion. The trial court did not state the factors it considered in denying the motion for new trial based upon the alleged excessiveness of the jury verdict. See Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). Therefore, the judgment of the trial court is affirmed, except as to the amount, and the cause is remanded for the trial court to enter an order consistent with the requirements of Hammond v. City of Gadsden.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

ON RETURN AFTER REMAND
STEAGALL, Justice.
On appeal, this Court affirmed the judgment insofar as it imposed liability, but, regarding the amount, remanded for the circuit court's consideration of the issue of the excessiveness of the jury verdict resulting from prejudice, bias, or passion, pursuant to the principles of Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986).
On remand, the trial court entered the following order, quoted in its entirety:
"On September 25, 1987, the jury returned a verdict in favor of the plaintiff, Robert Q. Payne, and against the defendant, Ronnie B. Hayes, in the amount of $152,976.11 on breach of contract and fraud. It is the opinion of the court that the jury verdict reflects compensatory damages in the amount of $12,976.11 for breach of contract and $140,000.00 in punitive damages for fraud. This court is asked on remand [to state] its reasons for overruling a motion for remittitur in light of the recent Supreme Court opinion of Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), which requires the trial court to reflect on the record the reasons for the refusal to grant a new trial on grounds of excessiveness or inadequacy of damages.
"The defendant, Ronnie B. Hayes, appeared pro se and there is no transcript of the record extant. However, upon review of the summary of facts, pursuant to Rule 10(d), Ala.R.App.P., and the court's own recollection, this court is convinced that there was ample evidence which, if believed, would permit a jury to find: (1) that there was a false representation on the part of the defendant; (2) that the false representation concerned a material existing fact; (3) that plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result.
"The Supreme Court stated in the Hammond case, supra, that the right to a trial by jury is a fundamental constitutionally guaranteed right and that a jury verdict may not be set aside unless the verdict is flawed. The Court went further to say: `Insofar as damages are concerned, a jury verdict may be flawed *336 in two ways. First, it may include or exclude a sum which is clearly recoverable or not as a matter of law, or which is totally unsupported by the evidence, where there is an exact standard or rule of law that makes the damages legally and mathematically ascertainable at a precise figure.' There is no argument in this case that the jury verdict is flawed in this regard. Quoting further: `Second, a jury verdict may be flawed because it results, not from the evidence and applicable law, but from bias, passion, prejudice, corruption, or other improper motive. It is this category of cases that troubles both trial and appellate courts.' Defendant argues that the verdict is flawed in this regard.
"It is the recollection of the court that the jury was a typical attentive, conscientious jury composed of male and female, black and white. Although it is alleged in the motion for remittitur that one juror indicated bias, passion, or hatred for the defendant, there is no evidence of this, nor did anything happen throughout the trial before or after which would indicate this to the court. This court cannot say that this verdict was the result of any improper motive of the jury.
"Defendant further argues the Tort Reform Act as indicating a public policy in not permitting punitive damages awards to exceed the actual damages. Suffice it to say that this case was tried and decided before the Tort Reform Act became law.
"There is also an allusion that the verdict will have an adverse impact on innocent third parties, namely, the wife and minor child of the defendant. There is absolutely no evidence of this.
"Although the verdict was probably in excess of what this court would have awarded, the cases have consistently held that in deciding whether a jury verdict is excessive, because it is the result of passion, bias, corruption, or other improper motive, a trial judge may not substitute his judgment for that of the jury. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979). The jury was properly instructed as to both the definition and purpose of punitive damages, and that its award was discretionary.
"I do not consider this a `runaway verdict' nor, though high, does it shock the conscience of the court and, therefore, [I] must deny the motion for remittitur.
"This court has attempted to comply with both the letter and [the] spirit of Hammond v. City of Gadsden, supra, in making this determination.
"DONE and ORDERED this 23rd day of September, 1987."
After careful review of the trial court's order on remand, we are of the opinion that the trial court has complied with the remand instructions in accord with our decision in Hammond v. City of Gadsden, supra. Therefore, the judgment is now affirmed as to the amount.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.