BRYAN, Justice.
Kenneth R. Adams appeals from a summary judgment in favor of Tractor & Equipment Co., Inc. (“TEC”). We reverse and remand.

Facts and Procedural History

Adams and James “Buddy” Money are the only two members of Waste Two Energy, LLC (“Waste Two”), a limited liability company that operates two landfills in Mobile. In early 2011, Money, the managing member of Waste Two, had discussions with representatives of TEC, a company that repairs, rents, and sells heavy equipment, about servicing heavy equipment used by Waste Two in the operation of its business. On February 1, 2011, Money sent an e-mail to Lloyd Adams, a representative of TEC, stating that he was collecting information regarding Waste Two’s service and equipment needs that could be filled by TEC and that he would complete a credit application, which would include personal financial statements for himself and Adams, and send it to TEC.
On March 3, 2011, Waste Two provided a “credit application and agreement” (“the agreement”) to TEC. Money and Adams were listed as the “officers,: partners, or owners” of Waste Two. The only specific terms contained in the agreement are as follows: “Parts and Services: due net 10th of month following date of purchase”; “Machine Sales: arranged at the time order is received”; “Rentals: net cash payable in advance”; and “Delinquency Charge: 1.5% per month on all past due open balances.” Money signed the agreement as the “principal of the credit applicant or a personal, guarantor of its obligations” and authorized TEC, among other things, to obtain his personal credit profile for purposes of reviewing the credit application. The agreement included a guaranty provision that provided, in pertinent part: “The undersigned guarantor(s), jointly and severally, unconditionally guarantee and warrant the full and complete payment and performance of all obligations of the above applicant to [TEC] ... arising under this agreement, and all *863 other extensions of credit, sales, leases and account balances now or hereafter owing by applicant....” The names “James Money” and “Ken Adams” are handwritten on two Unes below the guaranty provision that are each labeled “Guarantor.” Beginning in March 2011 and continuing through July 2011, TEC performed various services on equipment owned by Waste Two. At some point after TEC had performed a substantial amount of work on Waste Two’s equipment, a dispute arose between Waste Two and TEC over the amount of money Waste Two owed TEC for the services it had provided.
On October 17, 2011, Waste Two filed a complaint in the Mobile Circuit Court, asserting claims of breach of- contract and misrepresentation against TEC. On December 19, 2011, TEC filed an answer to Waste Two’s complaint, a counterclaim against Waste Two alleging breach of contract, and a third-party complaint against Money and Adams alleging breach of the guaranty. In its counterclaim and its third-party complaint, TEC sought compensatory damages, attorney fees, interest, and court costs. On January 18, -2012, Waste Two filed an answer to TEC’s counterclaim, and Money, and Adams' filed an answer to the third-party complaint denying the material allegations of the third-party complaint.
On May 10, 2012, TEC filed a motion for a summary judgment with respect to its third-party claims against Adams and Money. To support its motion, TEC attached the agreement, invoices, and other evidence indicating that Waste Two had failed to pay TEC $86,689.80 in principal and an additional $18,398.43 in accrued interest and late fees for services TEC had provided to Waste Two.
On June 29, 2012, Adams and Money, through counsel, filed a response in opposition to TEC’s motion for a summary judgment. In that response, Adams and Money alleged that TEC and Waste Two had an oral agreement pursuant to which TEC was to develop a service plan for Waste Two’s equipment and that ,“[t]he third party defendant’s [sic] entered into the guaranty agreement with TEC pursuant.to the parameters of the agreement enacted by the parties and representations made by Danny Wright[, TEC’s service manager in Mobile,] and others at TEC.” Adams and Money further alleged that TEC had misrepresented the condition of Waste Two’s equipment at the time of service and argued that TEC- should be estopped from asserting its rights under the agreement because, they said, it had unclean hands. They-also-argued that TEC’s summary? judgment motion was premature because they had not completed discovery.
Attached to Adams and Money’s response was an affidavit from their attorney, filed pursuant to Rule 56(f), Ala. R' Civ. P. In the affidavit, their attorney stated that additional time was needed for discovery to adequately oppose TEC’s summary-judgment motion. -In that affidavit, . the ■ attorney stated: “Along with [its] motion; -[TEC] attached Exhibits ‘1’ and ‘2’ showing a copy of the credit application and- agreement and affidavit of Jo-nella Woods (credit manager of TEC), showing merely that [Adams and Money] executed a guaranty agreement,... ” The attorney further stated in the affidavit, however, that the pertinent issue was whether TEC was liable for breach of contract and misrepresentation, which, he said, if true,- would ultimately void the guaranty provision of the agreement.
On August- 1, 2012, before the circuit' court ruled on TEC’s motion for a summary judgment, Adams and Money filed a motion to dismiss TEC’s third-party claims against them. They argued that they had not actually signed the guaranty provision *864 and that the unverified handwritten names below the guaranty provision in the agreement were insufficient to satisfy the Statute of Frauds. Adams and Money each attached an affidavit to the motion to dismiss, stating that they had reviewed the guaranty provision and “unequivocally deny signing” the provision. TEC responded and argued that the motion to dismiss should be denied because, it said, the motion was based on evidence outside the pleadings and because Adams and Money had already admitted, in their response to TEC’s summary-judgment motion, that they had signed the guaranty provision as guarantors of Waste Two’s debts to TEC. TEC further stated that the argument asserted in Adams and Money’s motion to dismiss “was never asserted in their answer or opposition to the motion for summary judgment.” See generally Hayes v. Payne, 523 So.2d 333, 334 (Ala.1987) (“Where an answer has been filed and an affirmative defense has not been pleaded, the defense generally is deemed to have been waived.”),
On September 7, 2012, the circuit court conducted a hearing on TEC’s motion for a summary judgment and on Adams and Money’s motion to dismiss. The same day, the circuit court entered an order denying Adams and Money’s motion to dismiss without setting forth its basis for the denial. There is no indication in the record that the circuit court excluded the affidavits attached to the motion to dismiss. See Rule 12(b), Ala. R. Civ. P. (stating that, in a motion to dismiss asserting defense numbered (6) where “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment”). Accordingly, the motion to dismiss had been converted to a motion for a summary judgment. See Phillips v. Am-South Bank, 833 So.2d 29, 31 (Ala.2002) (“ ‘[W]here matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment ... regardless of its denomination and' treatment by the trial court.’ ” (quoting Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986))).[1] On September 19, 2012, new counsel for Adams filed a notice of appearance in the circuit court. On September 20, 2012, the circuit court entered a partial summary judgment in favor of TEC on its third-party claims against Adams and Money. However, the order did not specifically adjudicate the issue of damages Money and Adams owed to TEC.
On October 16, 2012, Adams, through his new counsel, filed a motion to reconsider and to vacate the partial summary judgment entered in favor of TEC. Adams argued that the affidavit he provided in support of his motion to dismiss should have been considered by the circuit court as substantial evidence creating a material question of fact that precluded a summary judgment in favor of TEC. Adams further argued that statements made by his first attorney in response to TEC’s motion for a summary judgment were made before Adams had ever spoken to that attorney, that those statements from his then attorney did not constitute “evidence,” and that, in his answer to the third-party complaint, which was the’ only pleading filed by Adams that was before the circuit court when it entered the summary judgment for TEC, he had denied signing the guaranty provision.
Adams attached a second, more detailed affidavit to his motion to reconsider. He *865 stated that from March 2011 through September 2012 he was a minority member of Waste Two, that Money was the majority member of Waste Two during that time, and that Money was responsible for the daily operations of Waste Two, including managing its finances and dealing with vendors and creditors. Adams alleged that he was not involved with the daily operations at Waste Two, that he did not report to work at Waste Two’s place of business, and that Money was the only member of Waste Two who spoke to anyone associated with TEC about the agreement or the guaranty. Adams stated that he did not print his name on the guaranty provision and that he did not authorize anyone to print his name on the guaranty provision. Adams farther alleged that he had never received personal service of TEC’s third-party complaint against him and that he had not authorized an attorney to file anything on his behalf until after July 2012, when he first obtained “detailed knowledge” of TEC’s action against Waste Two and learned of the claim against him personally. Adams stated that he spoke to the attorney who represented Waste Two, the same attorney who had filed a response to TEC’s motion for a summary judgment on behalf of Money and Adams, for the first time in July 2012 and at that time notified him that he had never signed the guaranty provision. Adams also attached a copy of a guaranty he had provided to TEC in December 2009 — a guaranty not at issue in this case — that, he said, accurately depicted his signature and demonstrated that his actual signature was distinguishable from the printed name that is purported to be his signature on the guaranty provision.
■ Adams subsequently supplemented his motion to reconsider and to vacate with Money’s deposition testimony, which was taken on November 14, 2012. Money testified that Adams had not been involved in any discussions with TEC, that Money had never discussed with Adams a need to provide a personal guaranty to TEC as part of the agreement, that he was “intimately” familiar with Adams’s handwriting and signature, and that the printed name on the guaranty provision in the agreement was “absolutely not” Adams’s handwriting or signature. There is no indication in the record that the circuit court ruled on Adams’s motion to reconsider.
On February 22, 2013, the circuit court entered a summary judgment in favor of TEC on all claims asserted by Waste Two against TEC. On March 22, 2013, the circuit court entered a partial summary judgment in favor of TEC on its counterclaim against Waste Two; that order did not include an adjudication of damages against Waste Two.[2]
On May 7, 2013, Adams filed a “post-judgment” motion, purportedly pursuant to Rule 59, Ala. R. Civ. P., seeking to have *866 the summary judgment against him vacated on the basis (1) that a genuine issue of material fact exists as to whether he signed the guaranty provision, and (2) that the guaranty provision violates the Statute of Frauds. See § 8-9-2, Ala.Code 1975. Adams argued that the guaranty provision was void pursuant to the Statute of Frauds because his “name hand' printed on the signature blánk to the guaranty without [his] knowledge or consent is insufficient under the statute of frauds” and because the guaranty failed to “expressly state, in writing, any consideration related to the purported guaranty.” TEC responded to Adams’s motion, arguing, among other things, that Adams had failed to timely raise the specific Statute of Frauds- arguments raised in his “postjudgment” motion because he had nbt properly amended his answer to assert those affirmative defenses. After conducting a hearing, the circuit court denied Adams’s motion. On May 16, 2014, the circuit court entered a final judgment ordering Waste Two, Money, and Adams to pay TEC $85,873.84 in unpaid principal, $40,484.99 .in “accrued, late charges,” and $60,000 in attorney fees and costs. Adams appealed.

Issues

On appeal, Adams argues that the circuit court erred in entering a summary judgment in favor of TEC on its third-party claim against him because, he says, he presented substantial evidence creating a genuine issue of material fact that precluded the entry of a summary judgment. Adams argues further that the circuit court erred in entering a summary judgment for TEC and against him because, he argues, the guaranty provision violated the Statute of Frauds.

Standard of Review

“ ‘This Court reviews a summary judgment de novo. Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala.2004). We seek to determine whether the movant has made a prima facie showing that there, exists no genuine issue of material fact and has demonstrated that the movant is entitled to a judgment as a matter of law. Turner, supra. In reviewing a summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant. Turner, supra. Once the movant makes a pri-ma facie showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce “substantial evidence” creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Fla., 547 So.2d 870, 871 (Ala.1989).’
“Muller v. Seeds, 919 So.2d 1174, 1176-77 (Ala.2005). As is true with regard to a trial court’s rulings on questions of law in the context of a bench trial, we review de novo questions of law arising in the context of a summary judgment. Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala.2006).”
Van Hoof v. Van Hoof, 997 So.2d 278, 286 (Ala.2007).

Discussion

If the guaranty provision violates the Statute of Frauds, the guaranty provision is void and, thus, unenforceable. See § 8-9-2, Ala.Code 1975. Accordingly, we will first address Adams’s argument that the guaranty provision violated the Statute of Frauds. Section 8-9-2, Alabama’s Statute of Frauds, provides, in pertinent part:
*867 “In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:'
"...
“(3) Every special promise to answer for the debt, default or miscarriage óf another — ” f
Adams argues that his hand-printed name on the signature blank for the guarantor is insufficient to satisfy the requirement in the Statute of Frauds that the writing be “subscribed by the party to be charged” and that the guaranty provision expressed no consideration for Adams’s promise to pay the debt of Waste Two. In response, TEC contends that Adams waived these Statute of Frauds defenses by failing to amend his answer to specifically assert them. ■ .
The Statute of Frauds is, included in the list of affirmative defenses in Rule 8(c), Ala. R. Civ. P., and that rule requires that such a defense be specially pleadéd. See Wallace v. Alabama Ass’n of Classified Sch. Emps., 463 So.2d 135, 136 (Ala.1984). However, although it is generally true that a party’s failure to assert an affirmative defense in its answer works as a waiver of that defense, -that rule is. subject to certain exceptions. Regarding affirmative .defenses, this Court has stated:
“Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. [Morse], 352 So.2d 1355, 1357 (Ala.1977). The defense may be revived if the adverse party offers no objection (Bechtel v. Crown [Central] Petroleum Corp., 451 So.2d 793, 796 (Ala.1984)); or if the party who should have pleaded it is allowed to amend his pleading (Piersol v. ITT [Phillips ] Drill Division, Inc., 445 So.2d.559, 561 (Ala.1984)); or if the defense appears on the face of the complaint (cf. Sims v. Lewis, 374 So.2d 298, 302 (Ala.1979); and Williams v. McMillan, 352 So.2d 1347, 1349 (Ala.1977)). See, also, 2A J. Moore, Federal Practice § 8.27[3] at 8-251 (3d ed.1984)!
Wallace, 463 So.2d at 136-37.
Adams concedes that he did not raise a Statute of Frauds'defense in his answer as required by Rule 8(c) and that he never amended his answer to assert that defense. However, he contends that.the Statute of Frauds defense was properly before the circuit court because TEC-failed to object to his assertion of that defense when it was initially raised . in his and Money’s August 2012 “motion to dismiss,” which, as noted above, was converted to a motion for a summary judgment by -the circuit court’s consideration of his and Money’s affidavits. We. disagree.. TEC clearly set forth its position that Adams- and Money’s “motion to dismiss” — which was based primarily on a Statute of Frauds argument — was due to be denied for various reasons, one of them being that the argument raised in the motion had not been asserted in his answer. Further, Adams concedes that TEC did object to .the Statute of Frauds defense that he asserted for the first time in his “postjudgment” motion, i.e., the argument that the guaranty provision violated the Statute of Frauds because the guaranty did not express any corisideration given to the guarantors for the promise to pay the debt of Waste Two. Because, Adams raised this particular Statute of Frauds defense for the first time in his “postjudgment” motion, TEC’s objection to this defense in its response to that motion could not possibly be construed, as Adams contends it should be, as untimely.
*868 Adams further contends that the circuit court could have nonetheless considered his Statute of Frauds defense because, he says, the defense appeared on the face of TEC’s third-party complaint. To support this argument, Adams cites Wilder v. Clark, 263 Ala. 55, 56, 81 So.2d 273, 274 (1955), for the proposition that “ ‘[w]here it clearly appears on the face of the count of the complaint that the contract or agreement alleged to have been breached is obnoxious to the statute of frauds, it is subject to demurrer; and can he. raised by demurrer either at law or in equity.’” (Quoting Bunch v. Garner, 208 Ala. 271, 272, 94 So. 114, 115 (1922) (emphasis added).) See also Strouse v. Elting, 110 Ala. 132, 139, 20 So. 123, 125 (1896) (“The [Statute of Frauds defense] was raised both by demurrer to the complaint and by plea. The general rule is that the statute of frauds must be pleaded, and, unless it affirmatively appears in the complaint ... that the agreement declared upon was obnoxious to the statute of frauds, a demurrer will not lie.”).[3] These cases support the proposition that a Statute of Frauds defense may be raised in a motion to dismiss, even if it was not properly raised in a pleading or an amended pleading, where it clearly appears on the face of the complaint that the agreement or contract at issue violates the Statute of Frauds. Although later cases have stated the rule, in shorthand, as “an affirmative defense that has not been pleaded may be revived if the defense appears on the face of the complaint,” Hayes v. Payne, 523 So.2d 333, 334 (Ala.1987), the authority cited in Hayes as support for such a rule, Sims v. Lewis, 374 So.2d 298, 302 (Ala.1979), which is also cited in Wallace, swpra, clearly provides that, although an affirmative defense “should be presented in a pleading to a preceding pleading, [it]' may be properly raised via the [Rule] 12(b)(6)[, Ala. R. Civ. P.,] motion where the face of the complaint shows that the claim is barred.”'
Even if we assume that, the Statute of Frauds argument made in Adams’s.“motion to dismiss” filed on August 1, 2012, was properly before the circuit court pursuant to the rule expressed in Sims,.we could not conclude that the face of TEC’s complaint showed that the breach-of-guaranty claim was barred by the Statute of Frauds. At that time, Adams argued only that the guaranty provision violated the Statute of Frauds because it was not properly “subscribed” by the party to be charged therewith.” However, in its third-party complaint, TEC alleged that Adams and Money had signed the agreement as guarantors. Further, the agreement, which was attached to TEC’s complaint, demonstrated that the name “Ken Adams” is handwritten on a line designated for a “guarantor” immediately following the guaranty provision in the agreement.
' Adams’s second Statute of Frauds defense — that the guaranty provision violated the Statute of Frauds because it did not express the consideration for the promise to pay the debt of another — was not raised in the motion to dismiss. Instead, it was raised for the first time in the “postjudgment” motion seeking to set aside the partial summary judgment that had already determined Adams’s liability under the guaranty. As noted above, TEC objected to Adams’s assertion of this affirmative defense as untimely, and there is no indication in the record that the circuit court considered it. Adams has not cited *869 any authority to support his argument that the circuit court was required to consider his second Statute of Frauds defense under these circumstances.[4] Accordingly, Adams has not demonstrated that the summary judgment is due to be vacated because the guaranty provision violates the Statute of Frauds.
Adams also argues that the circuit court erred in granting TEC’s motion for a summary judgment because, he says, the record established that a genuine issue of material fact exists regarding whether Adams actually signed the guaranty provision and, thus, - whether there existed a guaranty contract binding Adams. “Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty.” Delro Indus., Inc. v. Evans, 514 So.2d 976, 979 (Ala.1987). Adams does not argue that TEC failed to make a prima facie showing that there was no genuine issue of material fact regarding its breach-of-guaranty claim against Adams. Accordingly, the burden shifted to Adams to produce substantial evidence creating a genuine issue of material fact. Van Hoof, 997 So.2d at 286.
Adams argues that his first affidavit, in which he “unequivocally” denied signing the guaranty provision, was substantial evidence sufficient to create a genuine issue of material fact' as to whether Adams had in fact signed the guaranty provision and that the circuit court erred by entering a partial summary judgment in favor of TEG in light of this evidence. He further argues that the circuit court erred in failing to modify the partial summary judgment in light of the additional evidence he presented after the partial-summary-judgment order was entered. See generally Simmons Mach. Co. v. M & M Brokerage, Inc., 409 So.2d 743, 759 (Ala.1981) (holding that a partial summary judgment is subject to revision at any time before a final judgment is entered, but noting that “[w]hether a trial court revises a partial grant of summary judgment, as allowed by Rule 54(b), [Ala. R. Civ. P.,] is a matter of discretion which, absent an abuse, we will not disturb”).
In response, TEC questions whether Adams’s first affidavit was properly before the circuit court because, it says, the affidavit was attached to a “defective” motion to dismiss. As discussed above, Adams and Money’s motion to dismiss was converted to a motion for a summary judgment because the circuit court did not exclude the attached affidavits. See Phillips, 833 So.2d at 31. Furthermore, it is well settled that “a trial court may properly consider any material that would be admissible at trial and all evi *870 dence of record as well as material submitted in support of or in opposition to the motion when ruling on a motion for sumr mary judgment,” Fountain v. Phillips, 404 So.2d 614, 618 (Ala.1981), AceQrdingly, we conclude that Adams’s first affidavit was properly before the circuit court in its consideration of TEC’s motion for a summary judgment.
TEC also argues that Adams’s first affidavit was insufficient to meet his burden of presenting substantial evidence to create a question of fact because, it states, the affidavit was “conclusory.” See Rule 66(e), Ala. R. Civ. P. (requiring' an affidavit submitted in opposition to a motion for summary judgment to “set forth specific facts showing there is a genuine issue for trial”). See also Bradley Outdoor, Inc. v. Colonial Bank, 952 So.2d 359, 362-63 (Ala.2006) (holding that an affidavit that contained legal conclusions, not statements of fact, was insufficient' to create a genuine issue of material fact). Although Adams’s first affidavit was not detailed, it contained a recitation of specific facts— that he had reviewed the guaranty provision at issue and that he did not sign the guaranty provision — that constituted substantial evidence demonstrating a genuine issue of material fact regarding whether a guaranty binding Adams existed.
TEC further argues that the circuit court did not err in entering a summary judgment for TEC, even in light of Adams’s first affidavit, because Adams’s first affidavit contradicted statements made by Adams’s attorney in the . affidavit filed in response to TEC’s summary-judgment motion. TEC contends that Adams should be bound by his attorney’s response to its summary-judgment motion and by his attorney’s affidavit stating that TEC had submitted evidence showing “merely that third-party defendants executed a guaranty agreement.” In support of this argument, TEC cites several cases, such as SouthTrust Bank v. Jones, Morrison, Womack & Bearing, P.C., .939 So.2d 885 (Ala.Civ.App.2005), for the general propositions that “‘omissions and commissions of an attorney at law are to be regarded as acts of the client whom he represents’.” and that a “ ‘party is deemed bound by the acts of his lawyer-agent.’” 939 So.2d at 903-04 (quoting Lawrence v. Gayle, 294 Ala. 91, 94, 312 So.2d 385, 387 (1975), and Link v. Wabash R.R., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), respectively). Applying those general principles of law, the cases cited by TEC hold that a client can be liable for the tortious conduct of his attorney, see South-Trust, supra; that an attorney’s request for a license on behalf of a client is to be “ ‘regarded as [the] act[ ] of the cliept whom he represents,’ ” Lawrence, 294 Ala. at 94, 312 So.2d at 387; that a client is bound by his attorney’s failure to appear at a hearing, which results in dismissal of the client’s case, Link, supra; that a client is bound by his attorney’s failure to object to a matter raised at trial or.during a jury voir dire, see Edwards v. Edwards, 79 So.3d 629, 633 (Ala.Civ.App.2010), and Calhoun v. State, 932 So.2d 923, 942 (Ala.Crim.App.2005); and that a defendant is bound by his attorney’s specific, repeated admission to a particular allegation contained in a complaint filed against him, see Ayala v. Holder, 574 Fed.App’x 734, 737 (7th Cir.2014) (not selected for publication in the Federal Reporter). None of these cases, however, addresses the circumstances presénted here.
Initially, we note that the response to TEC’s motion.for a summary judgment was signed only by Adams’s attorney and was not verified in any manner; thus, the statements.made by Adams’s attorney in that response, although made on behalf of Adams, do not constitute evi *871 dence. See Jackson v. State Farm Fire & Cas. Co., 999 So.2d 499, 502 (Ala.Civ.App.2008) (noting tfyat, where counsel for.the insured, in response to insurer’s summary-judgment motion, “recited a number of assertions in a ‘statement of undisputed facts,’” “the assertions contained in the response to the insurer’s summary-judgment motion do not constitute evidence in this case”); and Thomas v. Earnest, 72 So.3d 580, 586 n. 5 (Ala.2011) (“There is an assertion in a brief filed in support Of the motion for summary judgment that Cook told an officer responding to the accident that she could not see vehicles entering the intersection from Fairfax Avenue; however, assertions in motions do not constitute evidence.”).
Rule 56(e), Ala. R. Civ. Pi, sets forth the form of affidavits filed in support of or 'in opposition to a motion for a summary judgment. An affidavit filed pursuant to Rule 56(e) “shall' be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” An affidavit filed pursuant to Rule 56(e) does constitute evidence in support of or in opposition to a motion for a summary judgment.
In the present case, however, the affidavit filed by Adams’s attorney in response to TEC’s summary-judgment motion was filed pursuant to Rule 56(f). “Rule 56(f) allows a party opposing a summary-judgment motion to file an affidavit alerting the trial court that it is presently unable to present ‘facts essential to justify the party’s opposition.’ ” Scrushy v. Tucker, 955 So.2d 988, 1007 (Ala.2006). Adams argues that the statement made by his attorney in the Rule 56(f) affidavit — that the attachments to TEC’s motion for a summary judgment “merely [showed] that third-party defendants executed a guaranty agreement” — should not be binding as an admission on his .part because his attorney’s affidavit was filed for the purpose of seeking additional time in which to conduct discovery and because his attorney effecr tively repudiated the statements made in his Rule 56(f) affidavit when he filed Adams’s first affidavit with the circuit court.
In Starke v. Kenan, 11 Ala. 818, 820 (1847), this Court stated:
“It is- said admissions made by attorneys of record bind their clients in all matters relating to the progress and trial of the cause. But to this end they must be distinct and formal, or such as .are termed solemn admissions, made for the .express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases they are in general conclusive.”
Under the particular facts of this case, we cannot conclude that the statement made in the Rule 56(f) affidavit filed by Adams’s attorney for the purpose of seeking additional time in which to conduct discovery binds Adams in such a manner that the circuit court was at liberty to disregard the affidavit subsequently filed by Adams, pursuant to Rule 56(e), effectively in opposition to TEC’s motion for a summary judgment.- This is not a case where Adams, by filing an affidavit, contradicted his, oum prior sworn testimony. See, e.g., Wilson v. Teng, 786 So.2d 485, 497 (Ala.2000) (“ ‘ “When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.” ’ [Doe v. Swift, 570 So.2d 1209, 1214 (Ala.1990)], quoting Robinson v. Hank Roberts, Inc., 514 So.2d. 958, 961 *872 (Ala.1987).”). As noted above, Adams’s first affidavit contained substantial evidence that demonsti-ated that there was a genuine issue of material fact regarding whether he had signed the guaranty provision and, thus, whether a valid guaranty binding Adams existed. Because that affidavit was properly before the circuit court and because the circuit court had no basis for disregarding it, we conclude that the circuit court erred in entering a summary judgment in favor of TEC on its breach-of-guaranty claim against Adams.

Conclusion

Because a genuine issue of material fact exists, we reverse the summary judgment against Adams and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.

. In Phillips, this Court held that “unless the trial court expressly declines to consider the extraneous material [filed with a motion to dismiss,] its conclusions may be construed to include the extraneous material.” 833 So.2d at 31.

. On April 8, 2013, the circuit court entered an order stating that all claims presented in the action had been "disposed.” Although the circuit court had entered orders adjudicating TEC’s liability on the claims asserted against it by Waste Two and Waste Two’s, Money's, and Adams’s liability on the claims brought by TEC, it had not entered a final judgment as to any of those latter claims because it had not entered an order adjudicating the amount of damages Waste Two, Money, and Adams owed TEC. See Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361 (Ala.2004)(" ‘Where the amount of damages is an issue, ... the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.' ” (quoting Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala.1977))). Under these circumstances, even a Rule 54(b), Ala. R. Civ. P., certification purporting to make those orders final for purposes of appeal would be "ineffective to confer appellate jurisdiction" over those claims. Dzwonkowski, 892 So.2d at 362.

. “The common-law ‘demurrer’ has been succeeded by a motion filed pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.J seeking dismissal of a complaint on the ground that it fails to state a claim upon which relief may be granted." Working v. Jefferson Cnty. Election Comm'n, 2 So.3d 827, 833 n. 7 (Ala.2008) (citing Roberts v. Meeks, 397 So.2d 111, 114 (Ala.1981)).

. Even if we were to apply a rule that required a circuit court to consider the merits of an affirmative defense at any stage of a proceeding if the defense clearly appeared on the face of the complaint, we could not conclude that Adams has demonstrated that it clearly appeared on the face of TEC’s complaint that no consideration for the guaranty was expressed. TEC’s third-party complaint does not mention, or otherwise discuss, consideration, or lack thereof, to support the guaranty. Even if we were required to look beyond the face of the complaint and' consider the actual terms of the agreement, we note that the agreement was an application by Waste Two for an extension of credit by TEC; that Adams was listed as an owner of Waste Two; and that Adams agreed to be liable for Waste Two’s obligations, including all extensions of credit, that arose pursuant to the agreement. Generally speaking, "[t]he promise of future extension of credit is good and valid consideration.” Medley v. SouthTrust Bank of Quad Cities, 500 So.2d 1075, 1078 (Ala.1986). Accordingly, we cannot conclude that the absence of expressed consideration was clear from the face of TEC’s complaint.